270 S.E.2d 160 (1980)
Gail HUGGINS, Administrator, etc.
v.
HOSPITAL BOARD OF MONONGALIA COUNTY, etc., Robert Greco, Roy J. Stevens, Richard S. Kerr, etc., et al., Mary Anderson Fazenbaker.
No. 14032.
Supreme Court of Appeals of West Virginia.
September 23, 1980.
*161 Raymond H. Yackel, Morgantown, for appellant.
David L. Solomon, Morgantown, Rose, Southern & Padden, Herschel Rose and Timothy J. Padden, Furbee, Amos, Webb & Critchfield and Alfred J. Lemley, Fairmont, for appellees.
CAPLAN, Justice:
This is an appeal from a final order of the Circuit Court of Monongalia County entered September 9, 1976, dismissing plaintiff's wrongful death action on the ground that it was not properly commenced within the statutory period of two years.
On August 3, 1974 Diana Huggins died, several days following childbirth, while a patient at Monongalia General Hospital. On August 3, 1976, Attorney H. Yackel filed a complaint in the Circuit Clerk's office of Monongalia County for a wrongful death action on behalf of Gail Huggins, administrator of the estate of the deceased. The attorney arrived at the clerk's office at approximately 4:30 p. m. The clerk's office was scheduled to close at 5:00 p. m. The summonses and complaint were not issued until August 9, 1976. On August 13, 1976, an amended complaint was filed. Defendant Dr. H. Oguz Arseven was never served with process. The other named defendants filed motions to dismiss the plaintiff's action for the reason that the action was not properly commenced within the statutory period of two years.
On September 7, 1976 proceedings were had and testimony surrounding the motions to dismiss was taken before the circuit court. Judith Tichenor, deputy clerk of the circuit court, testified that on August 3, 1976, plaintiff's attorney entered the clerk's office at approximately 4:30 p. m. and asked her to file the complaint. She further testified that the attorney told her to hold the complaint as he had no copies to *162 file with it, that his associate would come to the clerk's office the following day and make the copies, and that he would notify her when everything could be issued. The deputy clerk further testified that she informed the attorney that the papers would be dated on the day that they were filed. She testified that she filed the complaint on August 3, 1976, but did not issue summonses that day since Mr. Yackel told her that two pages of the original complaint would be retyped and specifically requested that she do nothing further. She testified that it was standard operating procedure in her office to issue the summonses on the same day as the memorandum was filed, but that attorney Yackel did not specifically request that the summonses be issued that same day. Introduced into evidence was a stipulated copy of Civil Docket Book No. 19, page 18, which reads in pertinent part: "Proceedings complaint filed-attorney requested us to hold suit." Deputy Clerk Tichenor testified that she made that entry. She testified that the next afternoon, August 4, 1976, Mr. Oliver, attorney Yackel's associate, came into the clerk's office and xeroxed copies of the original complaint.
In an affidavit submitted to the court the attorney for the plaintiff averred that on August 3, 1976, he filed the complaint in the office of the clerk at approximately 4:30 p. m.; that at the time of filing of the complaint counsel was aware that August 3, 1976, was the last day on which he could file the complaint; that at the time he was also aware that the commencement of an action does not begin until the summonses for that action are issued; that he was aware that the summonses for the complaint must be issued on that date; that he informed the deputy clerk that the statute of limitations expired on that date and requested that the summonses be issued; that he was informed by the deputy clerk that the summonses would not be issued until the following day due to the lateness of the day; that counsel questioned this procedure and was again informed by the deputy clerk that such procedure was office practice and that the summonses would be issued the next day but dated issued August 3, 1976; that due to a xeroxing problem with the copies of the complaint, and having been informed by the deputy clerk that the mechanical work of issuing the summonses would not be completed until the next day, counsel took the problem xeroxed copies to his office to be corrected, leaving the original complaint in the clerk's office; that on the following day at 12:45 p. m. the corrected copies were brought to the clerk's office by counsel's associate; that at the time the complaint was filed counsel informed the clerk of the xeroxing problem but was told that it was not necessary to leave the copies in the clerk's office that evening because the summonses would not be issued until the next day; and that the summonses were not issued until August 9, 1976, six days after the filing of the original complaint.
Upon consideration of the arguments of counsel and the evidence presented, the court, by order entered September 9, 1976, granted the motions to dismiss the action with prejudice. From this order, the plaintiff appeals assigning the issue:
Where the summons and complaint are timely filed within the two (2) year statute of limitation period, is such period of limitation tolled so as to preserve the cause of action, even though issuance of process is delayed for several days for reasons not within the control of the plaintiff or his counsel?
W. Va. Code, 1931, 55-7-6, as amended, referring to an action for wrongful death, provides in relevant part as follows:
Every such action shall be commenced within two years after the death of such deceased person.
This Court has reasoned that the two year limitation upon the bringing of an action for wrongful death is an integral part of the statute itself and creates a condition precedent to the bringing of an action. The condition is made absolute and, strictly speaking, is not a statute of limitations. The time fixed by the statute creating the right is one of the components entering into the plaintiff's right of recovery. Rosier v. Garron, Inc., 156 W.Va. 861, 199 *163 S.E.2d 50 (1973); Smith v. Pipe Line Co., 122 W.Va. 277, 8 S.E.2d 890 (1940); Hoover v. Chesapeake & O. Ry. Co., 46 W.Va. 268, 33 S.E. 224 (1899); Lambert v. Ensign Manufacturing Co., 42 W.Va. 813, 26 S.E. 431 (1896). Once the statutory period expires, there remains no foundation for judicial action. In a preceding which is barred by the statute of limitations, however, the basis for relief continues, but the use of the means of enforcing it may be barred if the lapse of time is affirmatively asserted for that purpose. Smith v. Pipe Line Co., supra. The issue here is whether the action was properly commenced within two years after the death of the appellant's decedent.
At the time this action was filed, Rule 3 of the West Virginia Rules of Civil Procedure, dealing with commencement of actions provided:
A civil action is commenced by filing a complaint with the court and the issuance of a summons or the entry of an order of publication.
Thus, prior to the 1978 amendments to the West Virginia Rules of Civil Procedure, a civil action was not commenced until a complaint was filed and the summons issued. "The mere signing of a summons does not, by itself, constitute an issuance. Process is not issued until the summons is sent from the clerk's office under his direction, sanction and authority for the purpose of service." Syllabus pt. 3, Stevens v. Saunders, W.Va., 220 S.E.2d 887 (1975); Nicholas Land Company v. Crowder, 127 W.Va. 216, 32 S.E.2d 563 (1944). Stevens also places the responsibility to see that an action is properly or timely instituted upon the plaintiff or his attorney.
The appellant urges this Court to disapprove or overrule the holding in the Stevens case, supra and adopt, instead the reasoning of the dissents filed therein. He submits that the statute of limitations should be tolled and the cause of action preserved if the summons and complaint are timely filed within the statutory period, even though issuance of process is delayed for several days for reasons not within the control of the plaintiff.
In Stevens, the plaintiffs filed a civil complaint in the Circuit Court of Grant County alleging that the negligence of the defendant was the proximate cause of an auto collision and the resultant injuries. The plaintiffs' attorney went to the office of the clerk of the circuit court and presented the necessary papers and the filing fee. In addition, he arranged for the execution of a statutory cost bond. The clerk filed the complaint and endorsed the summons. However, because the clerk was unable to obtain or prepare a bond form, no bond was executed that day. The attorney prepared the bond and it was executed on the final day before the statute of limitations expired his clients' claims. It was sent to the Circuit Clerk of Grant County who did not receive the bond and issue summons until after the statute of limitations expired the plaintiffs' claim. The court held that this resulted in an untimely commencement of the action and affirmed the lower court's ruling dismissing the action.
Three dissents were filed dealing with the issue of what constitutes commencement of an action. The appellant relies on these dissents which contended that an undue burden was placed on plaintiffs' counsel to make certain that a summons was delivered to the process server. He therefore urges that this Court apply the reasoning of these dissents and overrule the Stevens holding. We decline to do so.
Rule 3 of the West Virginia Rules of Civil Procedure, June 1, 1978, now provides:
A civil action is commenced by filing a complaint with the court.
However, the facts of the instant case must be judged in light of the law in existence when they occurred, not by hindsight and not in light of the subsequent amendment to Rule 3. Faced with the undisputed fact that process did not "issue" until August 9, 1976, applying the Stevens definition of what constitutes an issuance, we conclude that the trial court correctly granted the defendants' motions to dismiss. The wrongful death cause of action ceased to exist since the suit was not properly commenced *164 within two years after the death of the decedent.
Affirmed.