437 S.E.2d 767

**Clifford WINSTON, in her capacity as Administratrix of the Estate of Willie Winston, Plaintiff Below, Appellant,**

v.

**Norman E. WOOD, D.O.; R.S. Glass, M.D., the Reynolds Memorial Hospital, Inc.; Jerry Hendrick, in His Capacity as Warden of the West Virginia State Penitentiary; A.V. Dodrill, in His Capacity as Director of the Department of Corrections of the State of West Virginia; and the West Virginia Department of Corrections, Defendants Below, Appellees.**

No. 21349.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1993.

Decided Nov. 23, 1993.

Allan N. Karlin, Morgantown, for appellant.

Darrell V. McGraw, Jr., Atty. Gen. and Samuel P. Cook, Sr. Asst. Atty. Gen., Charleston, for Norman E. Wood, D.O., Jer-

ry Hendrick, A.V. Dodrill and the West Virginia Dept. of Corrections.

Elliot G. Hicks, Kay, Casto, Chaney, Love & Wise, Charleston, for R.S. Glass, M.D.

PER CURIAM:

Clifford Winston, administratrix of the estate of Willie Winston, appeals the final order of the Circuit Court of Kanawha County dismissing her wrongful death suit on the grounds that it was not filed within the statutory period. On appeal, Ms. Winston notes that her complaint was received and stamped as received by the Circuit Clerk of Kanawha County on October 17, 1986, and the clerk then stamped her complaint as filed on October 21, 1986. Ms. Winston argues that her suit was timely filed because the Clerk's office received it on October 17, 1986, which was within two years of October 17, 1984, the date of Mr. Winston's death. Because the record shows that the Clerk's office received Ms. Winston's complaint within the statutory period even though her complaint was stamped as filed on October 21, 1986, we find that the complaint was timely filed and reverse the decision of the Circuit Court.

Willie Winston, an inmate of the West Virginia State Penitentiary died on October 17, 1984 at Reynolds Memorial Hospital.[1] Alleging that Mr. Winston's death was caused by medical malpractice and that his civil rights were violated, Ms. Winston, the mother of Mr. Winston and administratrix of his estate, delivered her complaint on Friday, October 17, 1986 to the Office of the Clerk of the Circuit Court of Kanawha County. The date, October 17, 1986, was noted on the Memorandum to the Clerk by a deputy clerk, who on the same day entered the case in the Clerk's Instituting Civil Action Proceeding book. A deputy clerk also prepared the summons on October 17, 1986. The complaint was sent to a different deputy clerk to be stamped as filed; however, the complaint was stamped as filed on October 21, 1986.[2] On Monday, October 20, 1986, the sheriff's office picked up copies of the complaint and summons and entered their receipt of the documents in the sheriff's log book.

Although the appellees' answers raised the statute of limitation question[3], the motion to dismiss was not presented until February 1992 after substantial discovery was undertaken and the case was ready for trial. After a hearing the circuit court dismissed the complaint as not timely filed.

I.

W.Va.Code 55-7-6(d) [1989], our wrongful death statute, requires an action to be commenced within two years after the deceased's death. W.Va.Code 55-7-6(d) [1989] provides:

Every such action shall be commenced within two years after the death of such deceased person, subject to the provisions of section eighteen [§ 55-2-18], article 2, chapter fifty-five. The provisions of this section shall not apply to actions brought for the death of any person occurring prior to the first day of July, one thousand nine hundred eighty-two.[4]

The appellees argue that under W.Va.Code 55-7-6(d) [1989] the last day to file in order to commence an action within two years of Mr. Winston's October 17, 1984 death was

---

1. By agreement of the parties, the Reynolds Memorial Hospital was dismissed.

2. In 1986, the procedure of Clerk's office was to (1) note the date of the receipt on the Memorandum to the Clerk, (2) enter the case in the Instituting Book, (3) assign a docket number, and (4) finally, stamp it with the date received. The stamping of the complaint with the date received was performed by a different clerk and although it was not necessarily done on the same day, the clerk was supposed to stamp the complaint with the date it was actually received in the Clerk's office.

Currently the Clerk's office has a date and time stamp at the front desk and the office immediately stamps a complaint with the date and time received.

3. See Miller v. Romero, 186 W.Va. 523, 526, 413 S.E.2d 178, 181 (1991) quoting Rosier v. Garron, Inc., 156 W.Va. 861, 866, 199 S.E.2d 50, 53 (1973) ("the two-year limitation upon the bringing of an action for wrongful death is an integral part of the statute itself and creates a condition precedent to the bringing of an action which bears no relationship to statutes of limitation").

4. In addition to other amendments in 1992, the second sentence of W.Va.Code 55-7-6(d) substituted "one thousand nine hundred eighty-eight" for "one thousand nine hundred eighty-two."

October 16, 1986. This computation argument fails to consider *W.Va.Code* 2-2-3 [1973], which provides that "[t]he time or period prescribed or allowed within which an act is to be done shall be computed by excluding the first day and including the last...." In *Lamb. Trustee. etc. v. Cecil.*, 28 W.Va. 653, 658 (1886), we noted that "[t]he rule prescribed by the statute is, that the day on which the cause of action arose must be excluded so as to make the time commence on the following day...." *See also Steeley v. Funkhouser*, 153 W.Va. 423, 429, 169 S.E.2d 701, 705 (1969) (noting that the reason for excluding the first day and including the last is that the cause of action may occur "too late for a civil action to be commenced on that date").

## II

■ The second issue concerns when a complaint is filed. Ms. Winston maintains that her complaint was filed on October 17, 1986 when she delivered it to the Clerk's office. The appellees maintain that the complaint was not filed until October 21, 1986, the filed day stamped on it by the Clerk's office.

Rule 3 of the *W.Va.R.C.P.* [1992] provides that "[a] civil action is commenced by filing a complaint with the court." [5] Rule 5(e) of the *W.Va.R.C.P.* [1978] defines "filing with the court" as "filing them[, the pleadings and other papers] with the clerk of the court, who shall note thereon the filing date...." [6] In Syl. Pt. 1, *Huggins v. Hospital Bd. of Monongalia County*, 165 W.Va. 557, 270 S.E.2d 160 (1980), we stated:

5. In 1992 Rule 3 was amended to provide: "A civil action is commenced by filing a complaint with the court. Every complaint shall be accompanied by a completed civil case information statement in the form prescribed by the Supreme Court of Appeals."

6. Rule 5(e) of the *W.Va. R.C.P.* states: "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, who shall note thereon the filing date, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk; the notation by the clerk or the judge of the filing

Prior to the 1978 amendment of Rule 3 of the West Virginia Rules of Civil Procedure, a civil action was commenced by filing a complaint with the Court and the issuance of a summons or the entry of an order of publication; since such amendment, a civil action is commenced by filing a complaint with the Court.

■ "The presumption that public officers discharge their duties in a regular and proper manner is a strong presumption compelled first by experience and second by society's interest in avoiding frivolous litigation over technicalities." Syllabus Point 2, *Roe v. M & R Pipeliners, Inc.*, 157 W.Va. 611, 202 S.E.2d 816 (1973). Although a strong presumption is generally afforded to public officers discharging their duties in a regular and proper manner, the presumption is "far weaker ... when the party challenging a formal requirement can demonstrate direct injury to himself." *Roe*, 157 W.Va. at 620, 202 S.E.2d at 821.

In the present case, the record shows that Ms. Winston's complaint was received in the Clerk's office on October 17, 1986. The Clerk's office made two separate notations on or concerning Ms. Winston's complaint and prepared a summons on October 17, 1986. A deputy clerk testified that in 1986 the final action taken on a complaint by the Clerk's office was to stamp it as filed and that this step was performed by a deputy clerk other than the one who handled most of the notation procedures. Given the October 17, 1986 date notations and the testimony concerning the procedures followed in 1986 by the Clerk's office, we find sufficient evidence to rebut the presumption afforded to public officials.[7] Although arguably the complaint was

date on any such paper constitutes the filing of such paper, and such paper then becomes a part of the record in the action without any order of the court."

7. The appellees also argue that dismissal is required because in the present case, similar to *Huggins, supra*, the summonses were not issued within two years. When *Huggins* was decided Rule 3 of the *W.Va.R.C.P* required, first, the filing of a complaint and, second, either the issuance of a summons or the entry of an order of publication for the commencement of a civil action. However, Rule 3 was amended in 1978 and now states that a civil action is commenced with the filing of a complaint with the Court. *See Craw-*

not filed under Rule 5(e) until "the notation by the clerk ... of the filing date [was made] on any such paper," (*see supra* note 6) this procedural technicality should not be used to penalize a litigant because of an error of the Clerk's office. *See Stevens v. Saunders,* 159 W.Va. 179, 190, 220 S.E.2d 887, 893 (1975) (Neely, J., dissenting) ("Law should not be a game of 'Mother may I!' "). We therefore find that Ms. Winston's complaint was filed within two years of the cause of action as required by *W.Va.Code* 55–7–6(d) [1989].

For the above reasons, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded for additional proceedings.

Reversed and remanded.

*ford v. Hatcher,* 804 F.Supp. 834 (S.D.W.Va. 1992).