452 S.E.2d 63

Theresa L. JOHNSON, Plaintiff
Below, Appellant,

v.

Vincent M. NEDEFF and Ferris Nedeff,
Defendants Below, Appellees.

No. 22236.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 1994.

Decided Nov. 18, 1994.

Michael J. Farrell, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, for appellant.

L. David Duffield, Offutt, Eifert, Fisher & Duffield, Huntington, for appellant.

F. Richard Hall, Dean A. Furner, Spilman, Thomas & Battle, Parkersburg, for appellees.

WORKMAN, Justice:

This case is before the Court upon the appeal of Theresa L. Johnson from the October 15, 1993, final order of the Circuit Court of Wood County granting the Appellees' motion to dismiss and holding that the statute of limitations governing the case had expired prior to the filing of the Appellant's complaint. We affirm the decision of the trial court in dismissing the action with prejudice.

I.

The Appellant and Appellees were involved in a multi-vehicle automobile accident on July 20, 1991. As a result of injuries sustained in the accident, Appellant instituted a suit predicated on negligence against the Appellees.

On February 9, 1993, Appellant's counsel contacted the Wood County Circuit Clerk's Office ("clerk's office") to obtain the proper mailing address for the circuit court and the

clerk's office in connection with the filing of a complaint in an unrelated civil action. The clerk's office provided Appellant's counsel with a post office box address which was incorrect.[1] Appellant's counsel mailed the unrelated civil action to the incorrect address eleven days prior to the expiration of the statute of limitations. Even though the complaint was mailed to the wrong address, it was timely received and filed by the clerk's office. Appellant's counsel was never informed by the clerk's office that the complaint in the unrelated action had been mailed to the incorrect address.

Five months later, on July 13, 1993, Appellant's counsel mailed the complaint in the present case to the incorrect address for the clerk's office previously supplied by that office in February. The complaint was mailed eight days prior to the expiration of the applicable statute of limitations.[2]

On July 20, 1993, while on vacation, Appellant's counsel telephoned his legal assistant to ensure the complaint had been timely filed. The legal assistant advised counsel that the complaint had been mailed on July 13, 1993. Appellant's counsel directed the legal assistant to telephone the clerk's office to verify that the complaint had been received. The legal assistant telephoned the clerk's office on that same day, but was unable to verify filing because the clerk's telephone lines were busy.

On July 22, 1993, after the two-year statute of limitations had expired, Appellant's counsel's legal assistant contacted the clerk's office and discovered that the clerk's office had not received the complaint. A second complaint was prepared and Federal Expressed to the clerk's office on that day. The second complaint was received and filed by the clerk's office on July 23, 1993, two days after the statute of limitations had expired. The original complaint, with a July 13, 1993, postmark, was received and filed by the clerk's office on July 26, 1993.

On August 2, 1993, Appellees filed a motion to dismiss the complaint with prejudice on the grounds that the action was barred by

---

**1.** The clerk's office address had been changed effective on January 1, 1993.

**2.** *See* W.Va.Code § 55–2–12 (1994).

the statute of limitations. The circuit court granted this motion over Appellant's objection and entered an order on September 2, 1993, dismissing the complaint with prejudice. It is from this order that Appellant now seeks relief from this Court.

## II.

Appellant contends the circuit court erred: (1) by choosing form over substance and dismissing the complaint as violative of the statute of limitations; (2) by failing to grant relief to Appellant under Rule 60(a) of the West Virginia Rules of Civil Procedure; (3) by failing to grant relief to Appellant pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure; (4) by failing to grant Appellant relief under the provisions of West Virginia Code § 39-3-5 (1982); and (5) by failing to grant relief to Appellant under the provisions of West Virginia Code § 55-2-18 (1994).

## III.

Appellant contends the trial court erred in choosing "form and technicalities over equity and justice" in dismissing the complaint. In essence, she seeks to carve out some equitable exception based on the facts of this case, to the rules providing for commencement of an action.[3]

West Virginia Code § 55-2-12 (1994) requires that a cause of action for personal injury must be brought within two years after the right to bring the action has accrued.[4] Neither of the two complaints

filed by the Appellant in this case was received by the clerk's office until after the two-year period for instituting a personal injury action had expired.

" 'Prior to the 1978 Amendment of Rule 3 of the West Virginia Rules of Civil Procedure, a civil action was commenced by filing a complaint with the Court and the issuance of a summons or the entry of an order of publication; since such amendment, a civil action is commenced by filing a complaint with the Court.' Syllabus Point 1, *Huggins v. Hospital Bd. of Monongalia County*, 165 W.Va. 557, 270 S.E.2d 160 (1980)." Syl.Pt. 1, *Winston v. Wood*, 190 W.Va. 194, 437 S.E.2d 767 (1993).

Rule 5(e) of the West Virginia Rules of Civil Procedure defines "(f)iling with the court" as follows:

The filing of pleadings and other papers with the court as required by these rules shall by made by filing them with the clerk of the court, who shall note thereon the filing date, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk; the notation by the clerk or the judge of the filing date on any such paper constitutes the filing of such paper, and such paper then becomes a part of the record in the action without any order of the court.

In *Humble Oil & Refining Company v. Lane*, 152 W.Va. 578, 165 S.E.2d 379 (1969),[5] this Court stated:

(a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

---

3. This Court has held that where a time limitation in the bringing of an action is an integral part of the statute itself and creates a condition precedent to the bringing of the action, the time bar is not strictly speaking a statute of limitations. In such cases, once the statutory period expires, there is no basis or foundation for judicial action. Where an action is barred by the statute of limitations, however, the basis for relief continues, but the use of the means of enforcing it may be barred if the time bar is affirmatively asserted for that purpose. *Huggins v. Hospital Bd. of Monongalia County*, 165 W.Va. 557, 270 S.E.2d 160 (1980); *Miller v. Romero*, 186 W.Va. 523, 413 S.E.2d 178 (1991).

4. West Virginia Code § 55-2-12 provides:
   Every personal action for which no limitation is otherwise prescribed shall be brought:

5. In *Humble Oil*, this Court recognized the concept of waiver or estoppel in asserting the defense where a party seeking to maintain an action is induced to refrain from bringing his action within the statutory period. The Court in *Humble* stated "it is well established that the equitable doctrine of estoppel may, in a proper

Statutes of limitations are statutes of repose. Their object is to compel the exercise of a right of action within a reasonable time. (*Street v. Consumers Mining Corporation*, 185 Va. 561, 39 S.E.2d 271, 167 A.L.R. 886; *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941; *Walter v. August*, 186 Cal. App.2d 395, 8 Cal.Rptr. 778, 83 A.L.R.2d 941; *Burns v. Burns*, 233 Iowa 1092, 11 N.W.2d 461, 150 A.L.R. 306; *Summers v. Connolly*, 159 Ohio St. 396, 112 N.E.2d 391, 39 A.L.R.2d 661.) ...

At one time the attitude of courts was hostile toward the enforcement of statutes of limitations. However, legislative policy in enacting such statutes is now recognized as controlling and courts, fully acknowledging their effect, look with favor upon such statutes as a defense. This is well stated in 34 Am.Jur., Limitation of Actions, Section 14, as follows: 'Statutes of limitations are now considered as wise and beneficent in their purpose and tendency; they are looked upon as statutes of repose, and are held to be rules of property vital to the welfare of society. * * * While the courts will not strain either the facts or the law in aid of a statute of limitations, nevertheless it is established that such enactment will receive a liberal construction in furtherance of their manifest object, are entitled to the same respect as other statutes, and ought not to be explained away.' (See *Schulte v. Westborough, Inc.*, 163 Kan. 111, 180 P.2d 278, 172 A.L.R. 259; *Hunter v. Hunter*, 361 Mo. 799, 237 S.W.2d 100, 24 A.L.R.2d 611, and, *Woodruff v. Shores*, 354 Mo. 742, 190 S.W.2d 994, 166 A.L.R. 957.) ...

It is evident from the foregoing authorities that statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions 'are strictly construed and are not enlarged by the courts upon considerations of apparent case, be applied to prevent a fraudulent or inequitable resort to the statute of limitations." 152

hardship.' (*Woodruff v. Shores*, 354 Mo. 742, 190 S.W.2d 994, 166 A.L.R. 957.)

152 W.Va. at 582, 165 S.E.2d at 383.

In making the "form over substance" argument, Appellant relies heavily on this Court's decision in *Winston*, contending that procedural technicalities should not be used to penalize a litigant because of an error by a public officer or other entity beyond the control of that litigant. Appellant argues that under the facts of this case, her personal injury claim should not be time barred because of the error of the clerk's office in providing her counsel with the wrong mailing address five months earlier and because of the "error" of the United States Postal Service in not promptly forwarding the complaint to the correct address. She argues that the *Winston* decision supports her contention that form over substance can result in harsh and unreasonable requirements.

In *Winston*, the plaintiff delivered her complaint to the circuit clerk's office within the statutory period for filing the action, but the clerk's office failed to stamp and technically file the complaint until after the filing period had expired. The circuit court dismissed the complaint on the grounds that the statute of limitations had expired. One of the issues presented on appeal was the question of when the complaint was "filed"—the date it was delivered to the clerk's office or the date it was actually stamped by the clerk's office. This Court reversed the decision of the trial court finding there was sufficient evidence to rebut the presumption that public officers discharge their duties in a regular and proper manner. This Court reasoned that although technically the complaint was not filed under Rule 5(e) until notation of the filing date by the clerk, the procedural technicality would not be used to penalize a litigant because of an error of the clerk's office.

Here, however, the complaint was not received by the clerk's office until after the statute of limitations had expired. The earliest complaint received by the clerk's office was not Federally Expressed to the circuit

W.Va. at 582, 165 S.E.2d at 382.

clerk until the time limitation had lapsed. "The plaintiff or his attorney bears the responsibility to see that an action is properly and timely instituted." Syl.Pt. 4, *Stevens v. Saunders,* 159 W.Va. 179, 220 S.E.2d 887 (1975). In the instant case, counsel for Appellant relied on an address that was provided over five months prior to the mailing of the original complaint in an unrelated action and made no attempt to verify the address. Although Appellant's counsel's legal assistant is claimed to have made an effort to confirm receipt of the complaint the day preceding the date of expiration of the statute of limitations, no effort was made to confirm receipt on the day the statute of limitations actually expired.

Appellant contends numerous state and federal courts have ameliorated the general rule that actual receipt of the complaint by the clerk of the court tolls the statute of limitations, when application of the rule would be unfair, inequitable or prejudicial to an innocent party as a result of a clerical error or a postal service dysfunction. To the contrary, however, it appears upon examination that other jurisdictions require strict compliance with their commencement and filing rules. *See, Estate of James v. Martin Memorial Hosp.,* 422 So.2d 1043 (Fla.Dist.Ct. App.1982) (action commenced when complaint filed with court, not when mailed); *Smith v. Farless,* 158 Ga.App. 700, 282 S.E.2d 179 (1981) (personal injury action barred by statute of limitations even though complaint allegedly in the mail prior to receipt by trial court); *Kelly v. Mazzie,* 207 Ill.App.3d 251, 152 Ill.Dec. 186, 565 N.E.2d 719 (1990) (filing date is the date received and stamped, not date mailed); *Boostrom v. Bach,* 622 N.E.2d 175 (Ind.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 318, 130 L.Ed.2d 279 (1994) (tendering of complaint without prescribed filing fee did not toll statute of limitations); *Pelt v. Guardsmark, Inc.,* 451 So.2d 621 (La.Ct.App.1984) (actual delivery must be made to clerk to commence action—no provision is made for deposit with U.S. Post Office); *Insurance Co. v. Reese Refrig.,* 89 Ohio App.3d 787, 627 N.E.2d 637 (1993) (file-stamp date properly considered date complaint filed); *Lambdin v. Knott,* 74 Ohio App.3d 606, 600 N.E.2d 247 (1991) (ac-

tion commenced when filing fee paid, not upon receipt of complaint); *Fisher v. State,* 803 S.W.2d 828 (Tex.Ct.1991) (mere filing of petition fails to toll statute of limitations; plaintiff must exercise due diligence in procuring issuance of a citation, as well as service if necessary).

The technical filing requirement of notation by the circuit clerk has been relaxed in some jurisdictions where the operative action for commencement is filing and the complaint has been timely received by the proper custodian but not timely stamped. *See, e.g., Stephens v. Espy,* 213 Ga.App. 580, 445 S.E.2d 292 (1994); *Forsyth v. Hale,* 166 Ga. App. 340, 304 S.E.2d 81 (1983). The mailing of a complaint a reasonable time before the statutory deadline cannot be considered a substitute for timely receipt so as to justify a tolling of the statute of limitations in a personal injury action.

Appellant further argues that proof of the correct addressing and due posting of a letter raises the presumption that it was received by the addressee. Here, however, the complaint was not correctly addressed and then lost by the clerk, but instead was incorrectly addressed and was not *received* by the clerk until after the time elapsed.

In *Kelly,* plaintiff's attorney mailed a complaint for a personal injury action nine days before the expiration of the applicable statute of limitations. The clerk of the court never returned a file-stamped copy of the complaint, so the plaintiff's attorney checked the status of the complaint only to find it had not been received or filed. By then, the statute of limitations had run. In upholding the trial court's dismissal of the complaint as time barred, the Illinois Appellate Court found:

> the filing date of a complaint is the date it is received by the circuit clerk. In the first place, the Code does not contain a 'mailbox rule' for filing complaints in the circuit court. Moreover, as *Wilkins* [*v. Dellenback* ], [149 Ill.App.3d 549, 102 Ill. Dec. 799, 500 N.E.2d 692 (1986) ] suggests, a complaint stands on a different footing from other documents. The filing of a complaint implicates the statute of limita-

tions; a cause of action not commenced within the applicable limitations period is barred. Defendants have a right to rely on the certainty the statute provides, and adoption of the rule plaintiff urges would destroy that certainty. In essence, plaintiff's rule would extend the statute of limitations for that period of time during which the complaint was in route to the clerk via the post office, however long that took. In this case, the complaint never arrived via the post office. We decline to inject this kind of uncertainty into the litigation process. Personal injury plaintiffs have two years in which to file their complaints; requiring them to comply with the 'actual receipt' rule is not an unwarranted burden.

207 Ill.App.3d at 253, 152 Ill.Dec. at 188, 565 N.E.2d at 721.

Accordingly, we hold that a complaint filed in a civil action must be timely received by the proper custodian before that action is deemed to be filed. By strictly enforcing statutes of limitations, we are both recognizing and adhering to the legislative intent underlying such provisions.

## IV.

■ Appellant argues that relief from the circuit court's order granting Appellees' motion to dismiss may be had in this case under Rule 60(a) of the West Virginia Rules of Civil Procedure. Rule 60(a) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

The appellant contends the clerk's office provided counsel with an incorrect mailing address for that office which, to her detriment, delayed the receipt of the complaint. Rule 60(a) clearly refers to clerical mistakes in judgments, orders or other parts of the record and allows for their correction by the circuit court. Appellant's attempt to apply this rule to the facts of this case is beyond the language and scope of the rule.

In *Woods v. Guerra,* 187 W.Va. 487, 419 S.E.2d 900 (1992), we stated:

In addressing the application of Rule 60(a), the following is explained in 11 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2854 at 149 (1973):

Subdivision (a) deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.

*Id.* at 489, 419 S.E.2d at 902.

In *Stephenson v. Ashburn,* 137 W.Va. 141, 70 S.E.2d 585 (1952), this Court defined a clerical mistake as:

'An error committed in the performance of clerical work, no matter by whom committed; more specifically, a mistake in copying or writing; a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination; an error made by a clerk in transcribing, or otherwise, which must be apparent on the face of the record, and capable of being corrected by reference to the record only.'

*Id.* at 146, 70 S.E.2d at 588 (citing 14 C.J.S. at p. 1202).

■ Rule 60(a) of the West Virginia Rules of Civil Procedure applies to clerical errors made through oversight or omission which are part of the record and is not intended to adversely affect the rights of the parties or alter the substance of the order, judgment or record beyond what was intended. *See Robinson v. McKinney,* 189 W.Va. 459, 432 S.E.2d 543 (1993); *Abbot v. Bonsall,* 164 W.Va. 17, 263 S.E.2d 78 (1979).

## V.

■ Appellant also contends grounds for relief in this case are provided by Rule 60(b) of the West Virginia Rules of Civil Procedure, which provides, in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; . . . or (6) any other reason justifying relief from the operation of the judgment.

" 'A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syllabus point 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syllabus, *Ross v. Ross,* 187 W.Va. 68, 415 S.E.2d 614 (1992).[6]

It should be initially noted that no motion under Rule 60(b) was filed by appellant and no decision by the trial court was ever issued on this argument.

In *Schaffer v. Champion Home Builders Co.,* 229 Mont. 533, 747 P.2d 872 (1987), plaintiffs mailed their wrongful death and survival complaint three working days prior to the expiration of the statute of limitations for such cause of action. The complaint was not filed by the clerk's office until after the statute of limitations had expired. The complaint was dismissed as time barred and the decision upheld by the Supreme Court of Montana. In rejecting plaintiff's Rule 60(b) argument, that Court reasoned:

The statute of limitations does not discriminate between the just and unjust claim. The statute does represent legislative and public policy controlling the rights

of potential litigants. In balancing these rights, the legislature placed the fulcrum precisely at three years—no more, no less.

A late filing is not a timely filing. Under Rule 60(b), the trial court does not have the judicial discretion to alter, change or lessen the statutory limits for the commencement of actions. We hold that the Rule 60(b)(1) motion was properly denied.

229 Mont. at 536, 747 P.2d at 874.

The appellant cites no case in which Rule 60(b) has been used to afford relief from a dismissal of an action on the basis of the expiration of the statute of limitations. In *Strobridge v. Alger,* 184 W.Va. 192, 399 S.E.2d 903 (1990), we noted that:

'The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts.'

*Id.* at 194, 399 S.E.2d at 905 (quoting *N.C. v. W.R.C.,* 173 W.Va. 434, 317 S.E.2d 793, 796 (1984)).

We agree with the Supreme Court of Montana that the statute of limitations does not distinguish between a just and unjust claim. As stated earlier in this opinion, the object of statutes of limitations is to compel the bringing of an action within a reasonable time. We therefore hold that Rule 60(b) of the West Virginia Rules of Civil Procedure does not afford relief from a final judgment of the circuit court dismissing a personal injury action with prejudice for failure to comply with the statutory limitations for instituting suit.

Based on the foregoing, we affirm the decision of the Circuit Court of Wood County.[7]

Affirmed.

---

**6.** In *Ross,* appellant contended she made such a showing of fraud as would justify, under Rule 60(b) W.Va.R.C.P., a setting aside of the court's divorce decree. This Court found no abuse of discretion by the trial court.

**7.** Appellant also contends West Virginia Code § 39–3–5 (1982), and West Virginia Code § 55–2–18 (1994) are available for relief in this case. We find neither of these provisions applicable to the facts of this case.

West Virginia Code § 39–3–5 (1982) deals with loss of original papers in any cause or appellate court record and has no application here.

West Virginia Code § 55–2–18 (1994) deals with extension of period of time for new action after abatement, dismissal, etc. of an action commenced within due time. As heretofore decided, this case was not commenced within due time, and the statutory provisions of West Virginia Code § 55–2–18 have no application here. '

BROTHERTON, Chief Justice, did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

NEELY, Justice, dissents, but does not reserve the right to file a dissenting opinion.