597 S.E.2d 295

**Loretta WRIGHT, Plaintiff Below, Appellant,**

v.

**Howard E. MYERS, III, and Lawrence Hoke, Defendants Below, Appellees.**

**No. 31550.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 27, 2004.

Decided Feb. 20, 2004.

Concurring Opinion of Justice Starcher May 7, 2004.

Starcher, J., filed concurring opinion, in which Albright, J., joined.

Davis, J., filed dissenting opinion, in which Maynard, C.J., joined.

Kenneth E. Chittum, Esq., Bluefield, for the Appellant.

Teresa D. Daniel, Esq., Law Offices of Dana F. Eddy, Nationwide Trial Division, Beckley, for Appellee, Howard E. Myers, III, Andrew F. Workman, Esq., Mark L. Garren & Associates, Corporate Law Department, State Farm Mutual Automobile Insurance Company, Charleston, for Appellee Lawrence Hoke.

PER CURIAM delivered the Opinion of the Court.

The appellant herein and plaintiff below, Loretta Wright [hereinafter referred to as "Ms. Wright"], appeals from an order en-

tered January 15, 2003, by the Circuit Court of Monroe County. By that order, the court dismissed as untimely filed Ms. Wright's complaint seeking damages from the appellees herein and defendants below, Howard E. Myers, III [hereinafter referred to as "Mr. Myers"], and Lawrence Hoke [hereinafter referred to as "Mr. Hoke"], for injuries she sustained in an automobile accident. Upon a review of the parties' arguments, the record submitted for appellate consideration, and the pertinent authorities, we reverse the decision of the Circuit Court of Monroe County and remand this case for further proceedings consistent with this Opinion.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On August 13, 2000, Ms. Wright sustained injuries when the vehicle in which she was riding as a passenger, which was driven by Mr. Myers, collided with a vehicle operated by Mr. Hoke. Counsel for Ms. Wright thereafter attempted to file her complaint stating a cause of action against Mr. Myers and Mr. Hoke for said injuries by mailing a copy thereof to the Circuit Clerk of Monroe County on August 7, 2002. Said complaint was ultimately received by the clerk's office and was date-stamped as filed on August 15, 2002, one day after the two-year statute of limitations had run.[1] Thereafter, on August 16, 2002, the circuit clerk date-stamped as filed a civil case information statement for Ms. Wright's lawsuit against Mr. Myers and Mr. Hoke.[2]

---

**1.** The statute of limitations applicable to this case is set forth in W. Va.Code § 55–2–12 (1959) (Repl.Vol.2000) and provides, in pertinent part, that "[e]very personal action for which no limitation is otherwise prescribed shall be brought ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]" According to Rule 6(a) of the West Virginia Rules of Civil Procedure, "[i]n computing any period of time prescribed or allowed ... by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included[.]" In this case, the accident underlying Ms. Wright's lawsuit occurred on August 13, 2000. Excluding the date of the accident as directed by Rule 6(a), the applicable two-year

statute of limitations began to run on August 14, 2000. Thus, Ms. Wright was required to file her cause of action against Mr. Myers and Mr. Hoke no later than August 14, 2002.

**2.** Pursuant to W. Va. R. Civ. P. 3(b), "[e]very complaint shall be accompanied by a completed civil case information statement[.]" We previously interpreted this filing requirement as follows:

Rule 3 of the West Virginia Rules of Civil Procedure requires, in mandatory language, that a completed civil case information statement accompany a complaint submitted to the circuit clerk for filing. In the absence of a completed civil case information statement, the clerk is without authority to file the complaint.

In response to this late filing, Mr. Hoke moved, on October 18, 2002, to dismiss Ms. Wright's complaint as untimely filed; Mr. Myers made a similar motion to dismiss on October 22, 2002. During a hearing on the matter, Ms. Wright presented the affidavit of the circuit clerk who averred that "I feel that I honestly received this complaint in a timely manner, however the date-stamp was inadvertently omitted on the day of arrival." In further support of her position, Ms. Wright urged the court to grant her relief from the clerk's clerical error pursuant to Rule 60(a) of the West Virginia Rules of Civil Procedure.[3] Ultimately, however, the circuit court denied Ms. Wright's request for relief and granted the defendants' motions to dismiss, finding that Ms. Wright had failed to timely file her complaint or demonstrate the applicability of an exception to the governing statute of limitations. From this adverse ruling, Ms. Wright appeals to this Court.

## II.

## STANDARD OF REVIEW

■ The sole issue presented for consideration by this appeal is whether the circuit court properly dismissed Ms. Wright's complaint as untimely filed. We previously have held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Mindful of this standard, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

■ On appeal to this Court, Ms. Wright assigns error to the circuit court's decision to dismiss her complaint as untimely filed. She argues that there is a strong presumption that "public officers discharge their duties in a regular and proper manner," Syl. pt. 2, in

Syl. pt. 5, *Cable v. Hatfield*, 202 W.Va. 638, 505 S.E.2d 701 (1998).

**3.** Rule 60(a) of the West Virginia Rules of Civil Procedure provides, in relevant part, that "[c]lerical mistakes in judgments, orders or other parts

part, *Winston v. Wood*, 190 W.Va. 194, 437 S.E.2d 767 (1993) (per curiam) (internal quotations and citation omitted), and that she presented evidence to support that the circuit clerk admitted having neglected to date stamp Ms. Wright's complaint immediately upon its receipt. Accordingly, Ms. Wright claims that she is entitled to relief pursuant to Rule 60(a) of the West Virginia Rules of Civil Procedure which provides, in relevant part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight and omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

Both Mr. Myers and Mr. Hoke respond that the circuit court properly dismissed Ms. Wright's complaint as untimely filed. In support of their argument, they urge that Ms. Wright has failed to prove that the circuit clerk did, in fact, properly discharge her official duties and contend that Ms. Wright has failed to demonstrate that the circuit court abused its discretion in denying her request for relief pursuant to W. Va. R. Civ. P. 60(a).

[3] Typically, we have held that statutes of limitations impose very strict temporal requirements within which a cause of action must be initiated. *See, e.g.*, Syl. pt. 2, *Perdue v. Hess*, 199 W.Va. 299, 484 S.E.2d 182 (1997) ("The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time."); Syl. pt. 1, in part, *Stevens v. Saunders*, 159 W.Va. 179, 220 S.E.2d 887 (1975) ("Statutes of limitation are statutes of repose and the legislative purpose is to compel the exercise of a right of action within a reasonable time[.]"), *superseded by statute on other grounds as stated in Frantz v. Palmer*, 211 W.Va. 188, 564 S.E.2d 398 (2001). Failure to file a lawsuit within such time periods usually results in the dismissal of the action as having been untimely filed.

of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

When, however, clerical errors have potentially occurred which would prevent an otherwise timely filed complaint from being designated as such, courts are permitted to look beyond the rigid time limits and to ascertain whether, in fact, the plaintiff's failure to timely file his/her cause of action is attributable to such alleged clerical error. To this end, Rule 60(a) of the West Virginia Rule of Civil Procedure directs that

> [c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Thus,

> Rule 60(a) of the West Virginia Rules of Civil Procedure applies to clerical errors made through oversight or omission which are part of the record and is not intended to adversely affect the rights of the parties or alter the substance of the order, judgment or record beyond what was intended.

Syl. pt. 3, *Johnson v. Nedeff,* 192 W.Va. 260, 452 S.E.2d 63 (1994). *Accord* Syl. pt. 4, *Barber v. Barber,* 195 W.Va. 38, 464 S.E.2d 358 (1995). This authority to correct clerical errors is also an inherent part of the judicial power accorded to circuit courts. *See, e.g.,* Syl. pt. 1, in part, *Highland v. Strosnider,* 118 W.Va. 647, 191 S.E. 531 (1937) ("A court has inherent power at any time, except as restrained by statute, to correct an error of record which prevents it from expressing the judgment rendered[.]"); *id.,* 118 W.Va. at 648, 191 S.E. at 531 ("The errors which a judge or court has inherent power to correct ... are limited to clerical and such other errors of record[.]" (citations omitted)).

In light of the evidence presented to the circuit court, we are of the opinion that the lower court abused its discretion by not thoroughly considering Ms. Wright's request for relief pursuant to Rule 60(a). To support her contention that she had timely filed her complaint, Ms. Wright presented a memorandum memorializing the filing of the complaint which her counsel had dated on August 7, 2002, when he allegedly mailed the complaint to the Monroe County Circuit Clerk's Office.

Furthermore, it is widely accepted that, in general, public officers fulfill their official duties according to the requirements of their office. This is so because "[t]he presumption that public officers discharge their duties in a regular and proper manner is a strong presumption compelled first by experience and second by society's interest in avoiding frivolous litigation over technicalities." Syl. pt. 2, *Roe v. M & R Pipeliners, Inc.,* 157 W.Va. 611, 202 S.E.2d 816 (1973). *Accord* Syl. pt. 2, *Winston v. Wood,* 190 W.Va. 194, 437 S.E.2d 767 (1993) (per curiam). In this regard, Ms. Wright tendered an affidavit of the circuit court clerk wherein the clerk averred that she "received for filing in this office a Complaint & Memorandum in the above-styled case. I feel that I honestly received this complaint in a timely manner, however the date-stamp was inadvertently omitted on the day of arrival."

Based upon the persuasive evidence presented by Ms. Wright in defense of the defendants' motions to dismiss, we conclude that the proper remedy in this case is to direct the circuit court to reconsider whether the Circuit Clerk of Monroe County timely received Ms. Wright's complaint for filing before the statute of limitations had expired and whether the clerk's failure to earlier date-stamp Ms. Wright's complaint was a simple clerical error. Accordingly, we reverse the circuit court's order dismissing Ms. Wright's complaint as untimely filed and remand this case for the circuit court to reconsider the evidence presented by the parties. In addition to that evidence which is already a matter of record in this case, we also urge the circuit court to consider the actual testimony of the circuit court clerk as well as the date of Ms. Wright's check to the circuit clerk that was tendered as payment for the filing fees associated with her complaint and the date of the circuit clerk's bank slip depositing the same.

### IV.

### CONCLUSION

For the foregoing reasons, we reverse the January 15, 2003, order of the Circuit Court

of Monroe County, and remand this case for further proceedings consistent with this Opinion.

Reversed and Remanded.

Justice STARCHER concurs and reserves the right to file a concurring opinion.

Chief Justice MAYNARD and Justice DAVIS dissent and reserve the right to file dissenting opinions.

DAVIS, J., dissenting, joined by Chief Justice MAYNARD.

No rule of law could be more widely accepted and easily understood than that a statute of limitations imposes a bright line test as to when a cause of action has been timely filed. *See, e.g., Cart v. Marcum,* 188 W.Va. 241, 245, 423 S.E.2d 644, 648 (1992) (recognizing "predictability that bright line rules like a strict statute of repose create"). Correspondingly, this Court traditionally has been reluctant to find exceptions to the filing requirements imposed by a statute of limitations and has enforced such temporal limits as they are written. *See, e.g., Humble Oil & Ref. Co. v. Lane,* 152 W.Va. 578, 583, 165 S.E.2d 379, 383 (1969) (declaring that statutes of limitation "are entitled to the same respect as other statutes, and ought not to be explained away" (internal quotations and citations omitted)). That is, until now. Despite the simplistic facts of the case *sub judice,* my brethren nonetheless have failed to grasp the fundamental importance of such statutes of repose and have essentially chiseled out an exception where none otherwise would exist. I cannot agree with this blatant disregard for our prior precedent nor with an outcome that is clearly wrong. Accordingly, I respectfully dissent from the majority's Opinion in this case.

### A. The Statute of Limitations

The sole issue presented to the Court for resolution in this case is whether Ms. Wright's cause of action against Mr. Myers and Mr. Hoke was barred by the applicable statute of limitations. Without addressing this precise question, the majority has concluded that Ms. Wright should be allowed to re-present her case for consideration by the trial court based upon the supposition that the circuit clerk committed a clerical error. I submit, however, that such a remand is not necessary and this case should, instead, have been decided based upon our prior precedent establishing the law of this State as it relates to interpreting and applying statutes of limitations.

At issue in the case *sub judice* is the statute of limitations set forth in W. Va.Code § 55–2–12 (1959) (Repl.Vol.2000) pertaining to "[p]ersonal actions not otherwise provided for." It directs that

> [e]very personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va.Code § 55–2–12. As it pertains to Ms. Wright's cause of action, then, the statute clearly requires that her personal injury action be instituted within two years of the underlying motor vehicle accident. *See id.* The importance of identifying the precise period of time within which Ms. Wright was required to file her cause of action is the same principle that forms the foundation of our jurisprudence in this regard. Simply stated, statutes of limitations provide certainty for litigants and promote judicial economy. *See, e.g.,* Syl. pt. 2, *Perdue v. Hess,* 199 W.Va. 299, 484 S.E.2d 182 (1997) ("The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time."); Syl. pt. 4, *Humble Oil & Ref. Co. v. Lane,* 152 W.Va. 578, 165 S.E.2d 379 (1969) ("Statutes of limitation are statutes of repose, the object of which is to compel the exercise of a right of action within a reasonable time.").

In other words,

> [s]tatutes of limitation are statutes of repose and the legislative purpose is to

compel the exercise of a right of action within a reasonable time; such statutes represent a statement of public policy with regard to the privilege to litigate and are a valid and constitutional exercise of the legislative power.

Syl. pt. 1, *Stevens v. Saunders,* 159 W.Va. 179, 220 S.E.2d 887 (1975), *superseded by statute on other grounds as stated in Frantz v. Palmer,* 211 W.Va. 188, 564 S.E.2d 398 (2001). *Accord Wood v. Carpenter,* 101 U.S. 135, 139, 11 Otto 135, 139, 25 L.Ed. 807, 808 (1879) ("Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence."). It is for these reasons that we have strictly enforced the temporal requirements for filing causes of action in the courts of this State. "By strictly enforcing statutes of limitations, we are both recognizing and adhering to the legislative intent underlying such provisions." *Johnson v. Nedeff,* 192 W.Va. 260, 265, 452 S.E.2d 63, 68 (1994).

Nevertheless, there is an exception to every rule, and statutes of limitations are no different in this regard except for the fact that their exceptions, which are few, are very limited both in their nature and in their scope. Correspondingly, we long have held that "[e]xceptions in statutes of limitation are strictly construed and the enumeration by the Legislature of specific exceptions by implication excludes all others." Syl. pt. 3, *Hoge v. Blair,* 105 W.Va. 29, 141 S.E. 444 (1928). *Accord Johnson v. Nedeff,* 192 W.Va. at 263, 452 S.E.2d at 66 ("[S]tatutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions are strictly construed and are not enlarged

by the courts upon considerations of apparent hardship." (internal quotations and citations omitted)). *See also* Syl. pt. 4, *Perdue v. Hess,* 199 W.Va. 299, 484 S.E.2d 182 (refusing to recognize excusable neglect exception to statute of limitations where such exception had not been sanctioned by the Legislature). Unfortunately, Ms. Wright has not demonstrated that the late filing of her complaint should be excused due to such an enumerated exception because no such exception exists to justify her late filing.[1] Insofar as she failed to file her cause of action within the requisite time period, then, the circuit court correctly determined that her lawsuit was barred by the applicable statute of limitations. With the majority's contrary decision on this point, I strongly disagree.

### B. Case Information Statement as Prerequisite to Filing Complaint

Perhaps even more egregious than the majority's blatant disregard for the statute of limitations applicable to Ms. Wright's cause of action, though, is its failure to appreciate the requirements a plaintiff must satisfy in order to properly file his/her complaint, namely that a civil case information statement must accompany the aforementioned complaint before the circuit clerk is permitted to accept it for filing. Rule 3(b) of the West Virginia Rules of Civil Procedure mandates that "[e]very complaint *shall* be accompanied by a completed civil case information statement[.]" (Emphasis added). Interpreting this rule, we specifically have held that

Rule 3 of the West Virginia Rules of Civil Procedure requires, in mandatory language, that a completed civil case information statement accompany a complaint submitted to the circuit clerk for filing. In the absence of a completed civil case information statement, the clerk is without authority to file the complaint.

Syl. pt. 5, *Cable v. Hatfield,* 202 W.Va. 638, 505 S.E.2d 701 (1998).

---

1. For a brief discussion of legislatively-authorized exceptions to the statute of limitations see generally *Perdue v. Hess,* 199 W.Va. 299, 303 n. 7, 484 S.E.2d 182, 186 n. 7 (1997). *Cf.* Syl. pt. 1, *Cart v. Marcum,* 188 W.Va. 241, 423 S.E.2d 644 (1992) ("Generally, a cause of action accrues (i.e., the statute of limitations begins to run)

when a tort occurs; under the 'discovery rule,' the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim."); Syl. pt. 4, *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997) (defining events that trigger running of statute of limitations under discovery rule).

From the facts and record evidence presented by Ms. Wright and her counsel, it is difficult to comprehend how the majority could so blatantly disregard such a straightforward requirement and permit Ms. Wright to present additional documentation to support her contention that her complaint was, in fact, timely and properly filed. In short, counsel for Ms. Wright claims that he mailed the complaint, a memorandum to the circuit clerk, *and* the civil case information statement to the clerk on August 7, 2002, and that the clerk dated as filed the complaint and memorandum. Mysteriously, however, the clerk either did not receive or lost the original civil case information statement and requested Ms. Wright's counsel to submit a new copy thereof. Counsel claims, then, that the information statement ultimately filed on August 16, 2002, was merely a replacement copy for the one he had originally submitted with the complaint.

What the majority fails to appreciate, however, is that the date on which the circuit clerk filed Ms. Wright's complaint, be it the actual date it was received or on a later date due to clerical error, simply does not matter if the complaint was not accompanied by the civil case information statement. Both our procedural rules and our prior case law make abundantly clear the fact that a clerk is without the authority to accept a complaint for filing without the information statement. *See* W. Va. R. Civ. P. 3(b); Syl. pt. 5, *Cable v. Hatfield,* 202 W.Va. 638, 505 S.E.2d 701. Based upon the facts before this Court, the circuit clerk could not accept Ms. Wright's complaint for filing until she had received the civil case information statement. Insofar as the clerk received this document after the statute of limitations had run, the circuit court correctly determined that Ms. Wright's cause of action was time barred and properly dismissed her lawsuit. Nonetheless, the majority apparently has determined this to be but a seemingly minor detail and has held otherwise. I do not concur in this result and cannot condone such a blatant disregard for a critical procedural requirement that is so plainly and clearly stated.

For the foregoing reasons, I respectfully dissent. I am authorized to state that Chief Justice Maynard joins me in this dissenting opinion.

### STARCHER, J., concurring.
### (Filed May 7, 2004)

I write separately to emphasize facts which my dissenting colleagues have conveniently and derisively ignored in their separate opinion. The "simplistic facts of the case *sub judice* " are that the plaintiff *may* have timely filed her complaint with the circuit clerk, and *may* have included a civil case information sheet. The evidence of record suggests that a deputy circuit clerk received these materials within the required time limit, but she *admits* she carelessly did not stamp the receipt date on the cover until after the expiration of the statutory time limit. The circuit court ignored this evidence of record, and concluded that because of the absence of a timely "thwack" of a rubber date stamp, as a matter of procedural law the plaintiff's complaint was not timely filed.

My dissenting colleagues assert that this Court has a "blatant disregard for the statute of limitations" and that the Court has "chiseled out an exception" to those "temporal limits as they are written." On the contrary, the facts in this case might easily be read—by either an average citizen or a legal scholar—to show that the case *was* filed within the statute of limitations. The majority opinion simply holds that the circuit court, on remand, should consider *all* of the facts when ruling on whether the complaint was timely filed.

If the plaintiff's complaint was timely and properly filed, but due to a *clerical error* was rubber stamped several days later so as to leave the impression that it was *not* timely filed, then the circuit court could fairly allow the case to proceed on its merits. Conversely, if the circuit court finds that the case was not timely filed due to an *attorney error,* then the circuit court could fairly dismiss the case as barred by the statute of limitation. The point is that the circuit court should apply our procedural rules to *all* of the relevant evidence—and not, as my dissenting colleagues seem to imply, engage in some sterile, robotic application of procedural rules in a vacuum with a total lack of regard for

the evidence. It is difficult to understand why the dissenters are so callously against the rights of ordinary people having their day in court.

My dissenting colleagues also make much ado about the "lack" of a civil case information sheet. Sidestepping the evidence of record that both the plaintiff and the deputy circuit clerk contend that this sheet of paper was properly included with the complaint, my dissenting colleagues go on to assert that the alleged, after-the-fact absence of that sheet of paper is fatal to the plaintiff's case as a matter of law. Again, the circuit court is the proper adjudicator of the evidence, not this Court, and on remand should assess whether that sheet of paper was properly included with the plaintiff's complaint.

However, even assuming that the civil case information sheet was not included with the complaint, and the circuit clerk accepted the complaint for filing, the absence of the sheet is at best harmless error. The *Rules of Civil Procedure* are to be read so as "to secure the just, speedy, and inexpensive determination of every action." *W.Va.R.C.P.* Rule 1. As I indicated in my dissent to *Cable v. Hatfield*, 202 W.Va. 638, 647–48, 505 S.E.2d 701, 710–11 (1998), holding "that a picayune oversight by an attorney is adequate grounds to deny ... people their right to adjudication of their legal claims" is a harsh, even absurd, reading of Rule 3 of the *Rules of Civil Procedure* that denies justice to innocent litigants. For this Court to have affirmed the decision below would have been to hold that form triumphs over substance, and that justice is to be the prisoner of legal technicalities.

I therefore concur with the majority's decision to remand this case back to the circuit court to examine the evidence, and to determine whether the plaintiff timely filed her complaint so that she will be permitted to have her claim adjudicated on the merits, or whether the defendants are entitled to repose because of the late filing of the plaintiff's complaint.

I am authorized to state that Justice AL-BRIGHT joins in this concurring opinion.