484 S.E.2d 182

**Katherine Day PERDUE and Bobby Ray Perdue, Plaintiffs,**

v.

**Polly Vera HESS, Defendant.**

No. 23745.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 21, 1997.

Decided Feb. 21, 1997.

Benjamin F. Yancey, Jr., Charleston, for Plaintiffs.

Colin M. Cline, Ben B. White, III, White & Henderson, Princeton, for Defendant.

DAVIS, Justice:

This case is before the Court upon the certified question of the Circuit Court of Mercer County. The parties, motorists involved in an automobile accident, request this Court to determine whether the excusable neglect of an attorney may operate to toll the personal injury statute of limitations provided by W. Va.Code § 55–2–12 (1959) (Repl. Vol.1994). We answer the certified question in the negative. We hold that the excusable neglect of an attorney does not toll the statute of limitations in a personal injury case.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The parties do not contest the underlying facts. On May 16, 1991, the plaintiff, Katherine Day Perdue, and the defendant, Polly Vera Hess, were involved in an automobile accident in Bluefield, West Virginia. The record indicates that when the responding police officer completed the accident report for this incident he erroneously listed the date of accident as May 19, 1991. Allegedly as a result of the collision, Ms. Perdue sustained numerous injuries and retained an attorney to represent her.[1] The attorney communicated with various representatives of the defendant's insurance company, State Farm Mutual Automobile Insurance Company [hereinafter State Farm], in an attempt to settle the claim without having to file a lawsuit. During the course of these negotiations, the attorney sent letters to State Farm, in January, 1992, and February, 1993, noting the "Date of Loss" as "May 16, 1991."

Negotiations deteriorated and on May 17, 1993, the last day of the applicable statute of limitations,[2] a representative of State Farm telephoned the office of the attorney and informed office personnel the statute of limitations was expiring on that day. The parties represent that the attorney reviewed the police report, incorrectly listing the date of accident as May 19, 1991, and took no further action on May 17, 1993.

On May 18, 1993, after the expiration of the statute of limitations, the attorney filed, on behalf of Ms. Perdue,[3] a complaint in the Circuit Court of Mercer County naming Ms. Hess as the defendant. In the complaint, counsel alleged that the automobile accident occurred on May 19, 1991. Counsel for the defendant filed an answer, raising the statute of limitations as an affirmative defense, and a motion to dismiss, based upon the expiration of the statute of limitations, on June 24, 1993. Following a hearing, the circuit court ruled upon the defendant's motion by order entered May 18, 1994. The court found as fact:

1. On May 16, 1991, the Plaintiffs [sic] and Defendant were in a motor vehicle accident from which the Plaintiffs are claiming injuries.

2. The Plaintiffs retained [the attorney] as their counsel in this matter and negotia-

---

1. We note at the outset that Benjamin F. Yancey, Jr., present counsel for the plaintiffs in this certified question proceeding, did not represent the plaintiffs with respect to the initiation of their lawsuit in the Circuit Court of Mercer County.

2. The applicable statute of limitations, W. Va. Code § 55–2–12 (1959) (Repl.Vol.1994), directs:

> Every personal action for which no limitation is otherwise prescribed shall be brought: ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]

In the instant case, the statute of limitations began running on May 17, 1991, the day after the motor vehicle accident, and ended two years

later on Monday, May 17, 1993. See W. Va. R. Civ. P. 6(a), in part ("In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

3. The complaint in this matter also named as a plaintiff the husband of Ms. Perdue, Bobby Ray Perdue, who sought damages for loss of consortium as a result of Ms. Perdue's alleged injuries. The record indicates the circuit court subsequently dismissed Mr. Perdue from the case because he and Ms. Perdue were not married at the time of the accident. We make no finding as to the propriety of this ruling.

tions were initiated with the Defendant's insurance carrier.

3. Numerous letters were sent between the negotiating parties with each one stating the date of loss as May 16, 1991[.]

4. Ultimately, negotiations failed to resolve this matter [*sic*] and the Plaintiffs instituted a lawsuit on May 18, 1993 [*sic*] more than two years after the date of the accident.

5. The Plaintiffs' claims are for personal injury resulting from a motor vehicle accident and the applicable statute of limitations is two years from the date of loss.

6. George Spencer, a Claims Representative for State Farm, called the office of [the attorney], Plaintiffs' counsel, on May 17, 1993 [*sic*] and informed personnel in [the attorney's] office that the statute of limitations was running on that day.

7. Upon learning of the information provided by George Spencer to [the attorney's] office, Plaintiffs' counsel reviewed the accident report which showed a date of May 19, 1991 [*sic*] and took no further action on May 17, 1993.

8. Counsel for the Plaintiffs admits that the lawsuit was not filed within the requisite statute of limitations period.

The court then ordered, in part, "[t]he Plaintiffs failed to file the lawsuit within the required two year statute of limitations but . . . this failure was due to excusable neglect" and denied the defendant's motion to dismiss.[4]

As a result of this ruling, counsel for both parties requested the circuit court certify to this Court the following question:

Whether the two-year statute of limitations for personal injury actions set forth in West Virginia Code § 55–2–12 may be tolled under the theory of "excusable neglect" of a plaintiff's counsel, such that the statute of limitations is without force and effect, where prior counsel for the plaintiff failed to file plaintiff's personal injury action within the two year [*sic*] limitations period?

In the order of certification and certificate of questions certified, entered May 28, 1996, the circuit court answered this question in the affirmative. We accepted this case for decision on October 2, 1996.

## II.

### DISCUSSION

The sole issue presented for decision by this Court contemplates an equitable exception, based upon the excusable neglect of an attorney, to the two-year personal injury statute of limitations provided by W. Va.Code § 55–2–12 (1959) (Repl.Vol.1994). Our discussion begins with a brief overview of our prior cases interpreting statute of limitations issues. We then will turn our attention to the issues presented by the parties in this case and determine whether such an equitable exception comports with our prior decisions in this area.

In our prior case of *Stevens v. Saunders*, 159 W.Va. 179, 220 S.E.2d 887 (1975), the plaintiffs' attorney filed a complaint with the circuit court two days before the statute of limitations ended. However, at the time of filing, the plaintiffs were also required to post a cost bond as an incident to service on the nonresident defendant motorist. Although the plaintiffs' counsel had made the appropriate arrangements to post the bond, the circuit clerk could not issue the bond because the clerk was unable to obtain or prepare a bond form. Consequently, the plaintiffs' attorney prepared the bond form and mailed it to the circuit clerk who received the bond after the statute of limitations had expired. The clerk issued the summons shortly thereafter,[5] and the Auditor of the State of West Virginia accepted service on behalf of the nonresident defendant on

---

**4.** The circuit court acknowledged that "[i]n its denial of the motion [to dismiss], this Court considered matters outside the pleadings and, pursuant to R.C.P., Rul [*sic*] 12(b), the motion was treated as one for summary judgment."

**5.** At the time that *Stevens* was decided, Rule 3 of the West Virginia Rules of Civil Procedure stated, "'[a] civil action is commenced by filing a complaint with the court *and* the issuance of a summons or the entry of an order of publication.'" 159 W.Va. at 182, 220 S.E.2d at 889 (emphasis added). Because the summons could not be issued until the bond had been posted, the plaintiffs' action was commenced after the statute of limitations had expired.

August 28, 1972. 159 W.Va. at 180–81, 220 S.E.2d at 888–89.

■ Before this Court, the plaintiffs requested that we find their action had been commenced within the applicable statutory period. Refusing to create such an exception, we stated, in Syllabus Point 1:

Statutes of limitation are statutes of repose and the legislative purpose is to compel the exercise of a right of action within a reasonable time; such statutes represent a statement of public policy with regard to the privilege to litigate and are a valid and constitutional exercise of the legislative power.

*Stevens v. Saunders*, 159 W.Va. 179, 220 S.E.2d 887. Although we recognized the initial difficulty encountered by the plaintiffs' counsel when the circuit clerk could not prepare the bond form, we noted that he could have remedied this problem within the applicable statutory period. 159 W.Va. at 187–88, 220 S.E.2d at 892. In this manner, we held, in Syllabus Point 4, "[t]he plaintiff or his attorney bears the responsibility to see that an action is properly and timely instituted." *Stevens v. Saunders*, 159 W.Va. 179, 220 S.E.2d 887.

Similarly, the plaintiff in *Huggins v. Hospital Bd. of Monongalia County*, 165 W.Va. 557, 270 S.E.2d 160 (1980), sought an extension by this Court of the applicable statute of limitations. The plaintiff's attorney filed a complaint with the circuit court at approximately 4:30 p.m. on the last day of the statute of limitations, but he did not have any additional copies of the complaint at that time. Allegedly, the plaintiff's counsel requested the circuit clerk to refrain from issuing the summonses until the following day when he would be able to provide additional copies of the complaint. An associate of the plaintiff's attorney delivered additional copies of the complaint the day after the statute of limitations had expired, and summonses were

issued a few days thereafter. 165 W.Va. at 558–59, 270 S.E.2d at 161–62. As in the *Stevens* case, we declined to find that the complaint had been timely filed.[6] Despite the failure to timely commence the lawsuit at issue, we noted that the plaintiff was not completely without a remedy: "In a proceeding which is barred by the statute of limitations ... the basis for relief continues, but the use of the means of enforcing it may be barred if the lapse of time is affirmatively asserted for that purpose." 165 W.Va. at 560, 270 S.E.2d at 163 (citation omitted).

More recently, we decided *Johnson v. Nedeff*, 192 W.Va. 260, 452 S.E.2d 63 (1994), in which the plaintiff's attorney attempted to file a complaint by mailing it to the circuit clerk's office. It seems that the circuit clerk's office address had changed at the beginning of the calendar year, and the plaintiff's attorney had telephoned the circuit clerk to obtain the new address in February of that year. The attorney then used that address to mail a complaint, in an unrelated matter, to the circuit clerk's office. Although the address used by the attorney was incorrect, the circuit clerk's office received the prior complaint for timely filing. Subsequently, in July of that year, counsel for the plaintiff attempted to file a complaint, on Johnson's behalf, by mailing it to the circuit clerk's office using the same address the attorney had previously obtained in February. The day before the statute of limitations expired, the plaintiff's attorney asked his legal assistant to call the circuit clerk's office to verify receipt and timely filing of the complaint. Unable to contact the circuit clerk's office until after the statute of limitations had ended, the legal assistant learned that the complaint had not been received. A second complaint was then sent to the clerk's office, at its correct address, via overnight mail. Thus, the statutory time period had expired by the time the circuit clerk received

---

6. The law in effect at the time of the events in *Huggins* required both the filing of a complaint and the issuance of summons to effectively commence a lawsuit. 165 W.Va. at 561, 270 S.E.2d at 163. *See supra* note 5. Now, however, the mere filing of a complaint is sufficient for the commencement of a civil action. *See* Syl. pt. 1, *Huggins*, 165 W.Va. 557, 270 S.E.2d 160 ("Prior to the 1978 amendment of Rule 3 of the West Virginia Rules of Civil Procedure, a civil action was commenced by filing a complaint with the Court and the issuance of a summons or the entry of an order of publication; since such amendment, a civil action is commenced by filing a complaint with the Court.").

the complaint for filing. 192 W.Va. at 261, 452 S.E.2d at 64.

As with our previous cases, we rejected the plaintiff's argument that the statute of limitations should have been equitably tolled. We determined that "the object of statutes of limitations is to compel the bringing of an action within a reasonable time." 192 W.Va. at 266, 452 S.E.2d at 69. In this manner, we noted that " 'statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. It has been widely held that such exceptions "are strictly construed and are not enlarged by the courts upon considerations of apparent hardship." (*Woodruff v. Shores*, 354 Mo. 742, [746,] 190 S.W.2d 994, [996,] 166 A.L.R. 957[, 960 (1945) ].)[.]' " 192 W.Va. at 263, 452 S.E.2d at 66 (quoting *Humble Oil & Ref. Co. v. Lane*, 152 W.Va. 578, 583, 165 S.E.2d 379, 383 (1969)). Finding that the plaintiff had failed to satisfy the requirements of any established exceptions to the statute of limitations, we further stated that " '[d]efendants have a right to rely on the certainty the statute [of limitations] provides, and adoption of the rule plaintiff urges would destroy that certainty.' " 192 W.Va. at 265, 452 S.E.2d at 68 (quoting *Kelly v. Mazzie*, 207 Ill.App.3d 251, 254, 152 Ill.Dec. 186, 188, 565 N.E.2d 719, 721 (1990)). Lastly, we concluded that "[b]y strictly enforcing statutes of limitations, we are both recognizing and adhering to the legislative intent underlying such provisions." 192 W.Va. at 265, 452 S.E.2d at 68.

■ In sum, our prior cases concerning proposed equitable exceptions to statutes of limitations indicate that this Court is unwilling to extend the applicable statutory period in order to cure filing defects that could have been avoided had the plaintiff's attorney been more conscientious in adhering to the statutory deadline. The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time. *See* Syl. pt. 4, *Humble Oil & Ref. Co. v. Lane*, 152 W.Va. 578, 165 S.E.2d 379 ("Statutes of limitation are statutes of repose, the object of which is to compel the exercise of a right of action within a reasonable time."). Thus, our decisions reflect our commitment to ensuring that such time limits are strictly followed. Perhaps we best stated our reluctance to create exceptions to statutes of limitations beyond those already provided by statute in Syllabus Point 3 of *Hoge v. Blair*, 105 W.Va. 29, 141 S.E. 444 (1928): "Exceptions in statutes of limitation are strictly construed and the enumeration by the Legislature of specific exceptions by implication excludes all others." [7] By strictly applying statutes of limitations, we are better able to ensure that causes of action are promptly and timely filed. Accordingly, we are very reluctant to accept an attorney's mere lack of diligence as a reason for tolling a statutory filing period.

■ Ms. Perdue, the plaintiff in the case presently before us, requests that we apply an excusable neglect concept to toll the applicable statute of limitations in her personal injury claim. The applicable statute of limitations is set forth in W. Va.Code § 55–2–12 (1959) (Repl.Vol.1994):

> Every personal action for which no limitation is otherwise prescribed shall be brought: ... (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]

In this case, the statute of limitations began running on May 17, 1991, rather than the

---

7. Statutory exceptions to statutes of limitations include W. Va.Code § 55–2–15 (1923) (Repl.Vol. 1994) (extending statute of limitations when cause of action accrues during infancy or insanity of plaintiff); W. Va.Code § 55–2–16 (1923) (Repl.Vol.1994) (extending statute of limitations in limited circumstances where plaintiff dies before cause of action accrues); W. Va.Code § 55–2–17 (1923) (Repl.Vol.1994) (extending statute of limitations in specific circumstances such as when defendant obstructs plaintiff's prosecution of cause of action or war interferes with plaintiff's ability to bring cause of action); and W. Va.Code § 55–2–18 (1985) (Repl.Vol.1994) (extending statute of limitations in certain circumstances, for example where plaintiff filed cause of action within limitations period and action was subsequently dismissed). Because the parties do not contend that any of these statutory exceptions apply to the instant case, we decline to further examine this issue.

accident date of May 16, 1991.[8] Therefore, the plaintiff was required to file her cause of action no later than May 17, 1993, the day the statute of limitations expired.[9] *See* Syl. pt. 1, in part, *Johnson v. Nedeff,* 192 W.Va. 260, 452 S.E.2d 63 ("[A] civil action is commenced by filing a complaint with the Court.") (citations omitted). The parties dispute neither that the attorney failed to file the complaint within the statute of limitations period nor that the attorney actually filed the complaint on May 18, 1993, after the applicable limitations period had expired. Based upon our prior decisions, we are hard pressed to determine why the plaintiff's counsel's failure to file within the limitations period should toll the statute of limitations in this case, particularly where the attorney has offered no explanation as to why the action was not instituted earlier.[10] Thus, we hold generally that an attorney's failure to file a personal injury cause of action within the two-year statute of limitations imposed by W. Va.Code § 55–2–12, regardless of whether such failure constitutes excusable neglect, does not toll the statutory filing period where such failure does not correspond with a statutory exception to the applicable statute of limitations.

Even if we were inclined to formulate an equitable excusable neglect exception to toll statutory time limits, the facts of the instant case simply do not comport with a showing of excusable neglect. In *Bailey v. SWCC,* we adopted a definition of "excusable neglect" based upon its interpretation under the Federal Rules of Civil Procedure: " 'Excusable neglect seems to require a demonstration of good faith on the part of the party seeking an enlargement [of time] and some reasonable basis for noncompliance within the time spec-

ified in the rules. Absent a showing along these lines, relief will be denied.' " 170 W.Va. 771, 777 n. 8, 296 S.E.2d 901, 907 n. 8 (1982) (footnotes omitted) (quoting 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (1969)).

In the present case, the circuit court found that the attorney had written several letters to the defendant's insurance carrier, during the course of settlement negotiations, on which the attorney noted the "Date of Loss" as "May 16, 1991." Moreover, the circuit court found, and the parties do not dispute this fact, that a representative of State Farm contacted the office of the attorney on May 17, 1993, and informed office personnel that the statute of limitations was ending that day. Based upon these facts, it appears that the attorney was aware of the true accident date and knew on what date the statute of limitations expired. Nevertheless, the attorney has neither supplied a reasonable basis for filing the plaintiff's complaint beyond the applicable statute of limitations nor demonstrated good faith in attempting to comply with this deadline. Therefore, we find specifically that the attorney's failure to file a personal injury claim within the two-year statute of limitations provided by W. Va.Code § 55–2–12, in this particular case, does not constitute excusable neglect.

### III.

### CONCLUSION

For the foregoing reasons, we answer the certified question in the negative. Further, we hold that the two-year statute of limitations for personal injury actions provided by W. Va.Code § 55–2–12 (1959) (Repl.Vol.1994)

---

**8.** *See supra* note 2, quoting, in part, W. Va. R. Civ. P. 6(a).

**9.** A review of a calendar from the year 1993 indicates that May 17, 1993, fell on a Monday; consequently, the statute of limitations was not extended as it would have been if May 17, 1993, had been a Saturday, Sunday, or legal holiday. *See* W. Va. R. Civ. P. 6(a), in part ("The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.").

**10.** Although the date of accident alleged in the complaint is May 19, 1991, we find any attempt to rely on this fact as an indication that the attorney was not aware of the actual accident date or the date on which the statute of limitations expired to be untenable. The mere fact that the defendant's insurance company called the office of the attorney and warned office personnel that the statute of limitations was expiring negates any contention that the attorney did not know the precise date of the statutory deadline.

is not tolled by an attorney's failure to file a personal injury cause of action within the statutory filing period where the untimely filing is not excused by a statutory exception to the relevant statute of limitations. The certified question having been answered, this case is dismissed from the docket of this Court.

Answered and dismissed.