IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2020 Term

_____

No. 18-1124

_____

FILED
**November 19, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

SOUTHERN ENVIRONMENTAL, INC.,
Petitioner

v.

TUCKER-STEPHEN G. BELL ET AL.,
Respondents

Appeal from the Circuit Court of Monongalia County
The Honorable Russell M. Clawges, Jr., Judge
Civil Action No. 17-C-193

DISMISSED

AND

_____

No. 18-1139

_____

TUCKER-STEPHEN G. BELL ET AL.,
Petitioners

v.

NICHOLSON CONSTRUCTION COMPANY,
Respondent

Appeal from the Circuit Court of Monongalia County
The Honorable Russell M. Clawges, Jr., Judge
Civil Action No. 17-C-193

AFFIRMED

AND

_____

No. 18-1140

_____

NICHOLSON CONSTRUCTION COMPANY,
Petitioner

v.

BEST FLOW LINE EQUIPMENT, L.P.,
Respondent

_____

Appeal from the Circuit Court of Monongalia County
The Honorable Russell M. Clawges, Jr., Judge
Civil Action No. 17-C-193

DISMISSED

_____

Submitted:  October 6, 2020
Filed:  November 19, 2020

Bradley K. Shafer, Esq.
MINTZER SAROWTIZ ZERIS
LEDVA & MEYERS
Wheeling, WV
Counsel for Southern Environmental, Inc.

Carl A. Frankovitch, Esq.
FRANKOVITCH, ANETAKIS,
SIMON, DECAPIO & PEARL, LLP
Weirton, WV
Counsel for Tucker-Stephen G. Bell, et al.

J. David Bolen, Esq.
DINSMORE AND SHOHL, LLP
Huntington, WV
Counsel for Best Flow Line Equipment, LP

Bradley D. Bell, Esq.
KAY CASTO & CHANEY PLLC
Morgantown, WV
Counsel for Longview Power, LLC

Nathaniel D. Griffith, Esq.
PULLIN, FOWLER, FLANAGAN,
BROWN & POE, PLLC
Morgantown, WV
Counsel for Casagrande USA, LP

Rita Massie Biser, Esq.
MOORE & BISER PLLC
Charleston, WV
Counsel for Nicholson Construction Company

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.
JUSTICE WORKMAN dissents in Case No. 18-1139, and reserves the right to file a dissenting opinion.
JUSTICE HUTCHISON concurs, in part, dissents, in part, and reserves the right to file a separate opinion.

SYLLABUS BY THE COURT

1.      "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."  Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

2.      "Pursuant to Rule 15, W.Va.R.C.P., amendments relate back when the cause of action sought to be added grows out of the specified conduct of the defendant that gave rise to the original cause of action.  If, however, the supplemental pleading creates an entirely new cause of action based on facts different from those in the original complaint, the amended pleading will not relate back from statute of limitations purposes." Syllabus Point 7, *Dzinglski v. Weirton Steel Corp.,* 191 W. Va. 278, 445 S.E.2d 219 (1994).

3.      "[T]his Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction."  Syllabus Point 1, in part, *James M. B. and Lawrence E.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995).

4.      "Ordinarily the denial of a motion for failure to state a claim upon which relief can be granted made pursuant to West Virginia Rules of Civil Procedure 12(b)(6) is interlocutory and is, therefore, not immediately appealable."  Syllabus Point 2, *State ex re. Arrow Concrete Co. v. Hill,* 194 W. Va. 239, 460 S.E.2d 54 (1995).

ARMSTEAD, CHIEF JUSTICE:

This matter involves three consolidated appeals from the Circuit Court of Monongalia County's orders of November 27, 2018 and November 29, 2018, which all relate to the same underlying civil action involving a workplace incident on May 19, 2015. All of the orders at issue rule on motions to dismiss filed by several of the parties in the underlying action. In its rulings, the circuit court dismissed claims for deliberate intent and loss of consortium asserted by the plaintiffs in the underlying case. In addition, the circuit court denied several motions to dismiss filed by some of the defendants in the underlying case.

Upon careful review of the briefs of the parties, the appendix record, the arguments of the parties, and the applicable legal authority, we agree with the circuit court's conclusion in Case No. 18-1139 that the deliberate intent claims are barred by the statute of limitations and that the plaintiffs in the underlying action cannot maintain any derivative claims for loss of consortium. However, we find that this Court lacks jurisdiction to consider the petitions for appeal in Case Nos. 18-1124 and 18-1140 because the orders appealed are not final orders. Accordingly, we dismiss those appeals for lack of appellate jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

On May 19, 2015, Mr. Bell was involved in a workplace incident at the Longview Power Plant (the "Plaint") in Monongalia County, West Virginia. On May 4,

1

2017, Mr. Bell and others[1] ("the Bell Plaintiffs") filed a complaint against Best Flow Line Equipment, L.P. ("Best Flow"), Southern Environmental, Inc. ("SEI"), Longview Power, LLC ("Longview"), Casagrande USA, Inc. and Nicholson Construction Company ("Nicholson").

The Bell Plaintiffs allege that on or about May 19, 2015, Mr. Bell, who was employed by Nicholson, was injured when a 3" water swivel unthreaded and/or detached from a pipe nipple causing a hose and the swivel to whip in the air and strike Mr. Bell in the back of the head. The Bell Plaintiffs further alleged, among other things, the following upon information and belief: (1) that Best Flow designed, manufactured, marketed, labeled, packaged and sold the water swivel; (2) that SEI had been hired to undertake the "Longview Power baghouse expansion project"; (3) that Longview was responsible for the operation and maintenance of Longview Power Plant and directed and/or controlled all contractors and subcontractors performing services at the Plant; (4) that Casagrande designed, manufactured, marketed, labeled, packaged and sold the drill rig; and (5) that Nicholson was Mr. Bell's employer and that Mr. Bell was working in the course of his employment at the time of the incident.

SEI and Nicholson filed motions to dismiss the complaint. On or about August 2, 2017, the Bell Plaintiffs filed a motion for leave to file an amended complaint,

---

[1] In addition to Mr. Bell, the plaintiffs in the original complaint included his wife, Heather M. Bell, and his children, Colton T. Bell, Tucker M. Bell, and Chase G. Bell.

and the circuit court granted this motion. The Bell Plaintiffs filed their First Amended Complaint on August 17, 2017.

On September 8, 2017, Best Flow answered the First Amended Complaint and asserted various cross-claims including cross-claims against Nicholson. On September 18, 2017, Nicholson moved to dismiss Best Flow's cross-claims.

On or about September 18, 2017, Nicholson filed a motion seeking to dismiss the First Amended Complaint asserting the same arguments that it had advanced in its earlier motion to dismiss and also maintaining that the circuit court lacked subject matter jurisdiction over the deliberate intent claims and that such claims were also barred by the applicable two-year statute of limitations. On or about September 21, 2017, SEI filed a motion to dismiss the First Amended Complaint.[2] SEI argued that Pennsylvania law applies to the Bell Plaintiffs' claims and that it was entitled to complete immunity from tort liability. SEI also argued that the circuit court lacked subject matter jurisdiction over the Bell Plaintiffs' claims.

On October 10, 2017, the circuit court heard arguments on various motions. On August 31, 2018, the circuit court entered an order denying Nicholson's motion to dismiss the Bell Plaintiffs' spoliation claims and granting Nicholson's motion to dismiss

---

[2] SEI filed its motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

3

the Bell Plaintiffs' claims for deliberate intent and loss of consortium. Specifically, the circuit court ruled that the Bell Plaintiffs' claims for deliberate intent were barred by the two-year statute of limitations and that the claims for loss of consortium cannot be maintained independent of a claim for personal injury. On September 10, 2018, the Bell Plaintiffs filed a motion to amend the August 31, 2018 order or, in the alternative, for entry of a final judgment pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure.

On September 8, 2017, Best Flow filed its answer to the First Amended Complaint and asserted various cross-claims against Nicholson. Best Flow amended its cross-claims against Nicholson identifying the following theories of liability: (1) deliberate intention; (2) contribution; (3) implied indemnity; (4) negligent spoliation; and (5) intentional spoliation. Nicholson filed a motion to dismiss Best Flow's cross-claims on the basis that the court lacked subject matter jurisdiction, that the cross-claims were barred by the exclusivity and immunity provisions of the Pennsylvania Workers' Compensation Act, that the cross-claims were barred by the West Virginia several liability statute, and that Best Flow was not entitled to implied indemnity because it was not without fault.

On October 24, 2018, the circuit court entered an order denying Nicholson's motion to dismiss Best Flow's spoliation claims and granting Nicholson's motion to dismiss Best Flow's cross-claims for deliberate intent, contribution, and implied indemnity.

4

On November 1, 2018, the circuit court entered an order denying SEI's motion to dismiss, rejecting SEI's argument that the Pennsylvania workers' compensation statute is the exclusive remedy by which Mr. Bell can recover for his workplace injuries. In its November 1, 2018 order, the circuit court noted that it was unpersuaded by SEI's argument "at this stage of the proceedings."

On November 5, 2018, Best Flow sought reconsideration of the circuit court's October 24, 2018 order granting Nicholson's motion to dismiss a portion of its cross-claims. Although the circuit court had initially granted Nicholson's motion to dismiss Best Flow's cross-claims for deliberate intent, contribution and implied indemnity, by order entered on November 27, 2018, the circuit court reconsidered its earlier determination and denied Nicholson's motion in its entirety. In its November 27, 2018 order, the circuit court included the following statement: "[t]he Court further ORDERS that this Order is designated as a final order under W. Va. R. Civ. Proc 54(b) and is now appealable immediately." It is from this order that Nicholson appeals.

On or about November 19, 2018, SEI filed a motion seeking entry of a final judgment pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure with respect to the November 1, 2018 order denying its motion to dismiss. In its motion, SEI acknowledged that typically, interlocutory orders are not appealable to this Court. However, SEI argued that in order to render justice, the November 1, 2018 order should be appealable. SEI further argued that due to the complexity of this case, it will likely take

5

several years to come to a final judgment and if this Court is inclined to reverse the circuit court, it would not be "in the interest of sound judicial administration" to require SEI to participate in the protracted litigation. *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

On November 29, 2018 the circuit court entered an order ruling on the Bell Plaintiffs' and SEI's motions seeking entry of final judgments pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. The circuit court found that it was proper to certify its orders of August 31, 2018, and November 1, 2018, as final and appealable orders pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. The circuit court found that its November 1, 2018 order (denying SEI's motion to dismiss) was "sufficiently related" to the issues and rulings addressed in the August 31, 2018 order such that, "in the interest of judicial economy, said Order should likewise be certified as final and appealable at this time." The circuit court ordered that its August 31, 2018 order and its November 1, 2018 order "be certified as final and appealable orders, in all respects, pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure." In Case No. 18-1139, the Bell Plaintiffs appeal the November 29, 2018 order as it relates to the order dated August 31, 2018. In Case No. 18-1124, SEI appeals the November 29, 2018 order as it relates to the order dated November 1, 2018.

**CASE NO. 18-1124**     In Case No. 18-1124, SEI appeals the November 29, 2018 order granting motions for entry of final judgment. Specifically, SEI appeals the

circuit court's denial of its motion to dismiss the Bell Plaintiffs' claims of negligence and loss of spousal and parental consortium asserted against it in the First Amended Complaint.

## CASE NO. 18-1139

In Case No. 18-1139, the Bell Plaintiffs appeal the circuit court's dismissal of their claims against Nicholson for deliberate intent and loss of consortium.[3]

## CASE NO. 18-1140

In Case No. 18-1140, Nicholson appeals the November 27, 2018 circuit court's order denying its motion to dismiss cross-claims that were asserted against it by Best Flow.

## II.  STANDARD OF REVIEW

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo."  Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 700, 461 S.E.2d 516 (1995).

## III.  DISCUSSION

A.    CASE NO. 18-1139

In Case No. 18-1139, the Bell Plaintiffs appeal the circuit court's dismissal of their deliberate intent and loss of consortium claims against Nicholson.

---

[3] In this case, the Bell Plaintiffs are technically appealing the circuit court's November 29, 2018 order, which certified an earlier order dismissing their claims against Nicholson for deliberate intent and loss of consortium.

In the original complaint filed by the Bell Plaintiffs, they asserted the following claims against Nicholson: (1) negligent spoliation; (2) intentional spoliation; (3) spousal loss of consortium; and (4) parental loss of consortium. On August 17, 2017, the Bell Plaintiffs filed their First Amended Complaint, which included additional causes of action against Nicholson for deliberate intent pursuant to West Virginia Code § 23-4-2(d)(2)(i)-(ii), West Virginia Workers' Compensation Act. The First Amended Complaint, contained six causes of action against Nicholson: (1) deliberate intent under West Virginia Code § 23-4-2(d)(i) (Count XV); (2) deliberate intent under West Virginia Code § 23-4-2(d)(ii) (Count XVI); (3) intentional spoliation (Count XVII); (4) negligent spoliation (Count XVIII); (5) loss of spousal consortium (Count XIX); and (6) loss of parental consortium (Count XX).[4]

By order entered on August 31, 2018, the circuit court granted Nicholson's motion to dismiss, in part, and dismissed the Bell Plaintiffs' claims for deliberate intent and loss of consortium.[5] In dismissing the claims for deliberate intent, the circuit court ruled that those claims did not relate back to the time of the filing of the original complaint pursuant to Rule 15(c) and, therefore, were time barred. Further, the circuit court found because there was no legally cognizable personal injury claim asserted against Nicholson,

---

[4] Although the circuit court gave the Bell Plaintiffs the opportunity to amend their original complaint, after considering Nicholson's arguments in support of its motion to dismiss, the circuit court ruled that the claims for deliberate intent and loss of consortium should be dismissed.

[5] The circuit court denied Nicholson's motion to dismiss the claims for spoliation.

the Bell Plaintiffs cannot maintain any derivative claims for loss of consortium. For the reasons set forth below, we agree with the circuit court.

Rule 15(c) of the West Virginia Rules of Civil Procedure provides as follows:

(c) *Relation back of amendments*. – An amendment of a pleading relates back to the date of the original pleading when:

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have brought against the party.

W. Va. R. Civ.P., 15(c)(2017).

The Bell Plaintiffs argue that their claims against Nicholson for deliberate intent are not time barred because they relate back to the time of the filing of the original complaint. More specifically, the Bell Plaintiffs argue that 1) their deliberate intent claims arise out of the same conduct, transaction and occurrences set forth in the original complaint; 2) their deliberate intent claims relate back even under what they perceive is the circuit court's restrictive interpretation of Rule 15(c)(2) of the West Virginia Rules of Civil Procedure; 3) Nicholson will suffer no prejudice if the claims relate back; and 4) the circuit

9

court misapplied Rule 15(c)(2) of the West Virginia Rules of Civil Procedure and such application cannot be retroactively applied to their First Amended Complaint.

In response to the Bell Plaintiffs' argument that the deliberate intent claims at issue relate back to the filing of their original complaint, Nicholson argues that the claims do not relate back because they arise from an entirely different relationship, from an entirely different set of alleged wrongful acts, occurred at an entirely different place and time, and involved entirely different individuals.

The first question to be addressed by this Court is whether the deliberate intent claims asserted against Nicholson in the First Amended Complaint relate back to the original complaint such that they are not barred by the applicable statute of limitations. As a preliminary matter, we note that deliberate intent claims are governed by a two-year statute of limitations. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 729 S.E.2d 231 (2012). The workplace incident occurred on May 19, 2015, and the Bell Plaintiffs filed their original complaint on May 4, 2017, which was within the applicable statute of limitations. Although the Bell Plaintiffs make note that their original complaint set forth the workplace incident "in great detail," it is undisputed that the claims they asserted against Nicholson in the original complaint were limited to negligent and intentional spoliation of evidence and loss of spousal and parental consortium. It is also undisputed that the Bell Plaintiffs filed their First Amended Complaint over two years after the workplace incident. It was not until they filed the First Amended Complaint that the Bell Plaintiffs first asserted claims for deliberate intent against Nicholson.

10

Although the Bell Plaintiffs concede that they filed their First Amended Complaint after the applicable statute of limitations, they argue that their claims for deliberate intent are saved because they "relate back" to the filing of their original complaint pursuant to Rule 15(c)(2). Further, they argue that the circuit court disregarded the clear and unambiguous language contained in Rule 15(c)(2) and erroneously construed the rule, rather than applying its plain meaning. Specifically, they argue that Rule 15(c)(2) does not require that their newly added claims arise from the conduct, transaction, or occurrence set forth in the particular section of their original complaint that was directed at Nicholson. Instead, they argue that their claims for deliberate intent arose out of the workplace incident and because they mentioned the workplace incident in their original complaint, their claims relate back pursuant to Rule 15(c)(2).

In order to relate back, the new claims must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c)(2) of the West Virginia Rules of Civil Procedure. There is no dispute that a workplace incident occurred on May 19, 2015, and that details of that incident are contained in the original complaint. However, it is also undisputed that the only claims that the Bell Plaintiffs asserted against Nicholson in the original complaint were for spoliation and loss of consortium. Of the eighteen Counts contained in the original complaint, only four named Nicholson.[6] Out of the thirteen "Factual Allegations," only two mention Nicholson. In Paragraph 16, the Bell Plaintiffs allege that Nicholson "was a

---

[6] Count XV – intentional spoliation; Count XVI – negligent spoliation; Count XVII – spousal loss of consortium; and Count XVIII – parental loss of consortium

11

subcontractor hired by Defendant SEI to design and install the foundation pilings for the Fabric Filler Building at Longview Power Plant." In Paragraph 17, the Bell Plaintiffs allege that "[o]n or about May 19, 2015, Plaintiff Tucker-Stephen G. Bell was employed by and working in the course of his employment for Nicholson at the Longview Power Plant." In fact, when alleging who was at fault for the accident, the Bell Plaintiffs did not even mention Nicholson. Specifically, in Paragraph 24, the Bell Plaintiffs allege "[t]he accident was a direct and proximate result of the acts and/or omissions of Defendants Best Flow, SEI, Casagrande, and Longview Power as set forth below." The claims against Nicholson in the original complaint occurred *after* the workplace incident. The deliberate intent claims against Nicholson in the First Amended Complaint occurred at a different time and are based upon an entirely different set of facts than the allegations against Nicholson in the original complaint. We are guided by the following:

> Pursuant to Rule 15, W.Va.R.C.P., amendments relate back when the cause of action sought to be added grows out of the specified conduct of the defendant that gave rise to the original cause of action. If, however, the supplemental pleading creates an entirely new cause of action based on facts different from those in the original complaint, the amended pleading will not relate back from statute of limitations purposes.

Syl. Pt. 7, *Dzinglski v. Weirton Steel Corp.,* 191 W. Va. 278, 445 S.E.2d 219 (1994).[7]

---

[7] At the outset, we note that in *Dzinglski,* this Court was not considering a case involving multiple defendants. Although *Dzinglski* only involved one defendant, the syllabus point clearly provides that the relation back grows out of "the specified conduct of the defendant that gave rise to the original cause of action." Accordingly, the allegations contained in the original complaint against other defendants may not be used to "relate" the new allegations against Nicholson back to the original complaint.

12

There is no doubt that the new causes of action asserted against Nicholson in the First Amended Complaint are "based on facts different from those in the original complaint" as they relate to Nicholson. In order to assert the deliberate intent claims, the Bell Plaintiffs had to add new factual allegations against Nicholson because the allegations contained in the original complaint would not have satisfied the specialized allegations required for a deliberate intent claim. Specifically, the Bell Plaintiffs added the following allegations in the First Amended Complaint:

> 19. At all relevant times herein, Plaintiff Tucker-Stephen G. Bell was an employee of Defendant Nicholson performing work in West Virginia on a non-temporary basis.
>
> 20. Upon information and belief, in the preceding 365 day period, Plaintiff Tucker-Stephen G. Bell had performed work within the scope of his employment for Defendant Nicholson in the State of West Virginia for a period exceeding thirty (30) days.
>
> 21. Upon information and belief, Defendant Nicholson believed or reasonably should have believed that Plaintiff Tucker-Stephen G. Bell would be employed by Nicholson in the State of West Virginia for a period exceeding thirty (30) calendar days in a 365 day period.
>
> 22. Plaintiff Tucker-Stephen G. Bell was required to be covered by West Virginia workers' compensation coverage under applicable West Virginia law, and is entitled to all benefits and privileges under the West Virginia Workers' Compensation Act.

13

In addition, and importantly, we note that the first time the Bell Plaintiffs alleged that Nicholson was at fault for the workplace incident was in the Amended Complaint.[8]

The Bell Plaintiffs argue that the circuit court imposed nonexistent constraints into Rule 15(c)(2) and that such "judicial activism" should be stymied.[9]   In further support of their position, they make multiple references to the need to adjudicate cases on their merits and allege that injustice will result if this Court does not reverse the circuit court's decision.   However, they make few references to their failure to file the deliberate intent claims within the applicable statute of limitations.   Prior to filing their First Amended Complaint, the Bell Plaintiffs' original complaint essentially informed Nicholson that 1) its acts and/or omissions were not alleged to be the direct and proximate result of the workplace incident; and 2) it was facing claims for spoliation of evidence and loss of consortium only.   Over three months later and after the applicable statute of limitations had run, the Bell Plaintiffs added claims for deliberate intent against Nicholson.

---

[8] Paragraph 31 of the First Amended Complaint provides, "[t]he aforesaid accident was a direct and proximate result of the acts and/or omissions of Defendants, Best Flow, SEI, Casagrande S.p.A. Casagrande USA, IDE, Longview Power, and/or *Nicholson* as set forth below.  (emphasis added)

[9] In addition to arguing that the circuit court disregarded the clear and unambiguous language of Rule 15(c)(2), the Bell Plaintiffs attempt to shift the blame for the circuit court's "erroneous interpretation" of Rule 15(c)(2) to Nicholson by arguing that Nicholson misrepresented caselaw.  However, our review of the Appendix does not reveal that Nicholson "deceptively submitted" caselaw.

14

The Bell Plaintiffs' attempts to relate these new allegations of deliberate intent back to the original complaint are not only inconsistent with Rule 15(c) of the Rules of Civil Procedure, but are also inherently unfair to Nicholson in that they require it to defend against entirely new allegations and claims not made against it within the applicable statute of limitations. "[D]efendants have a right to rely on the certainty the statute of limitations provides." *Perdue v. Hess*, 199 W. Va. 299, 303, 484 S.E.2d 182, 186 (1997). Moreover, we find that the fact that the original complaint contained allegations arguably giving rise to claims for which deliberate intent is the manner of proof for *other defendants*, does not permit the untimely claim against Nicholson to relate back to the original complaint. Indeed, we find that the fact that such claims were alleged against other defendants in the original complaint, but not made against Nicholson who was already a party to the action, actually undermines the Bell Plaintiffs' argument that these claims against Nicholson should relate back to the time the original complaint was filed. Clearly, the Bell Plaintiffs' knew the basis of their deliberate intent claim at the time they filed their original complaint, but determined that such claim should not be asserted against Nicholson.

Because the Bell Plaintiffs' deliberate intent claim against Nicholson must be dismissed, its loss of consortium claim, which is essentially derivative of such deliberate intent claims, must also be dismissed. A claim for loss of consortium cannot be maintained independent of a cognizable personal injury claim. *See State ex rel. Small v. Clawges,* 231 W. Va. 301, 745 S.E.2d 192 (2013). The Bell Plaintiffs have made no personal injury

15

claims against Nicholson independent of their deliberate intent claim. Because we find

that the deliberate intent claim does not relate back to the original complaint, the loss of

consortium claims against Nicholson must necessarily be dismissed as well.

Therefore, we find that the Bell Plaintiffs' claims for deliberate intent

contained in their First Amended Complaint do not relate back to the filing of their original

complaint and are therefore barred by the two-year statute of limitations. Consequently,

because their allegations of personal injury are embodied in their deliberate intent claim,

the Bell Plaintiffs' claims for spousal and parental loss of consortium cannot survive and

must be dismissed.

Accordingly, the circuit court's order dismissing the deliberate intent and

loss of consortium claims against Nicholson in Case No. 18-1139 is affirmed.[10]

## B.    CASE NOS. 18-1124 AND 18-1140

As a threshold matter, we must address whether there are appealable orders

in these cases. "[T]his Court has a responsibility *sua sponte* to examine the basis of its

own jurisdiction." Syl. Pt. 1, in part, *James M. B. and Lawrence E.B. v. Carolyn M.*, 193

W. Va. 289, 456 S.E.2d 16 (1995).

In Case No. 18-1124, SEI appeals the denial of its motion to dismiss the Bell

Plaintiffs' claims against it, and in Case No. 18-1140, Nicholson appeals the denial of its

---

[10] For the same reasons we are dismissing Case Nos. 18-1124 and 18-1140, we decline to address Nicholson's cross-assignments of error.

16

motion to dismiss cross-claims asserted it by Best Flow. The orders in both of these cases deny motions to dismiss.[11] As this Court has previously noted: "[m]otions to dismiss are viewed with disfavor, and we counsel lower courts to rarely grant such motions." *Ewing v. Board of Education of Summers County*, 202 W. Va. 228, 235, 503 S.E.2d 541, 548 (1998) (quoting/citing *John W. Lodge Distributing Co. Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605-606, 245 S.E.2d 157, 159 (1978). "Ordinarily the denial of a motion for failure to state a claim upon which relief can be granted made pursuant to West Virginia Rules of Civil Procedure 12(b)(6) is interlocutory and is, therefore, not immediately appealable." Syl. Pt. 2, *State ex re. Arrow Concrete Co. v. Hill,* 194 W. Va. 239, 460 S.E.2d 54 (1995).

Generally, an appeal lies from a final judgment. West Virginia Code § 58-5-1, provides,

> A party to a civil action may appeal to the Supreme Court of Appeals from a *final judgment* of any circuit court or from *an order* of any circuit court *constituting a final judgment* as to one or more but fewer than all claims or parties upon an express determination by the circuit court that there is no just reason for delay and upon an express direction for the entry of judgment as to such claims or parties…

(emphasis added).

---

[11] In Case No. 18-1124, SEI's motion sought dismissal pursuant to West Virginia Rules of Civil Procedure 12(b)(1) and 12(b)(6). In Case No. 18-1140, Nicholson's motion sought dismissal pursuant to West Virginia Rules of Civil Procedure 12(b)(1) and 12(b)(6)..

The "companion provision" to this statute is found in Rule 54 of the West Virginia Rules of Civil Procedure (hereinafter "Rule 54(b)"). West Virginia Rule of Civil Procedure 54(b) provides:

> (b) *Judgment upon multiple claims or involving multiple parties.* --- When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"By limiting appellate jurisdiction to final judgments, the finality rule serves to avoid piecemeal review of trial court rulings which do not end litigation regarding all or some claims or parties in a case." *Vaughn v. Greater Huntington Park and Recreation Dist.,* 223 W. Va. 583, 587, 678 S.E.2d 316, 320 (2009).

Both orders being appealed in these cases contain the declaration that they are final and appealable pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. With respect to Case No. 18-1124, the circuit court certified the November 1, 2018 order denying SEI's motion as "final and appealable in all respects" "pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure." With respect to Case No. 18-1140, the circuit court designated its November 27, 2018 amended order denying Nicholson's

18

motion to dismiss Best Flow's cross-claims as "a final order under W.Va. R. Civ. Proc 54(b) and is now appealable immediately." However, the circuit court's declaration "by itself does not satisfy the requirements of finality." *Vaughan* at 588, 678 S.E.2d at 321. Despite the circuit court's "expressions of finality in the orders before us, the rulings fail to dispose of the suit or to terminate the litigation as to a claim or a party and thus do not represent the degree of finality which would permit interlocutory appellate review." *Vaughn* at 588-589, 678 S.E.2d 321-322.

Accordingly, Case Nos. 18-1124 and 18-1140 are hereby dismissed from our docket because we lack the requisite jurisdiction to address them. The dismissals of these cases are without prejudice so that the matters may be appealed if deemed appropriate after a proper final judgment has been entered.

## IV. CONCLUSION

For the reasons set forth above, the circuit court's order dismissing the deliberate intent and loss of consortium claims against Nicholson in Case No. 18-1139 is affirmed and the appeals in Case Nos. 18-1124 and 18-1140 are dismissed due to lack of jurisdiction by this Court to address them.

Affirmed as to Case No. 18-1139 and Dismissed as to Case No. 18-1124 and Case No. 18-1140.

19