## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Melissa Squires and**
**Russel Squires,**
**Plaintiffs Below, Petitioners**

**vs.)  No. 20-0943** (Wood County 20-C-104)

**Leona Sartor,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Melissa Squires and Russel Squires, the plaintiffs below, by counsel Kelly J. Guice and John C. Weber, appeal the order of the Circuit Court of Wood County, entered on December 2, 2020, granting respondent's motion to dismiss their complaint for failure to timely file the same. Respondent Leona Sartor, defendant below, appears by counsel M. Winiesdorffer-Schirripa and G. Thomas Smith.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 19, 2020, the Wood County Circuit Clerk's Office received and stamped Mr. and Ms. Squires' personal injury complaint (naming Ms. Sartor as the defendant) for an injury that occurred on April 9, 2018. The complaint was mailed the day before the circuit clerk's office received it. The parties agree that, according to West Virginia Code § 55-2-12, the statute of limitations expired on April 9, 2020, but that the expiration of all statutes of limitation falling within a defined time frame was extended by this Court in response to the statewide judicial emergency created by the COVID-19 pandemic.[1]

---

[1] West Virginia Code § 55-2-12 provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to

(*continued*. . .)

Ms. Sartor filed a motion to dismiss the complaint, arguing that Mr. and Ms. Squires failed to file within the applicable statute of limitations. In her motion, Ms. Sartor noted that the statute of limitations was tolled until May 18, 2020 (the date immediately preceding the circuit clerk's receipt of the Squires' complaint), by this Court's declaration of a judicial emergency and its attendant orders.[2] In response, petitioners asserted that their counsel

> [o]n May 18, 2020, . . . elected to mail the [c]omplaint . . . due to the dangers and risks . . . if such filing were done in person, at a time when the health and safety risks of the pandemic were very much present, on the first day the Clerk's Office was opened to the public after being closed for nearly two months. . . .

The circuit court found that there is no applicable exception to the deadline that expired on May 18, 2020. It also noted, correctly, that the Wood County Circuit Clerk's Office kept normal business hours throughout those early months of the pandemic. The circuit court thus determined that the complaint was not timely filed, and it granted Ms. Sartor's motion to dismiss.

On appeal, Mr. and Ms. Squires assert one assignment of error. They argue that the circuit court "failed to recognize an exception" applicable to West Virginia § 55-2-12 "under the unique and unprecedented circumstances" surrounding the filing of the complaint. Our review of the order granting the dismissal of the complaint is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

---

> bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

[2] Mr. and Ms. Squires acknowledge that this Court declared a judicial emergency in response to the COVID-19 crisis in early 2020, and subsequently entered a series of administrative orders to ease the burdens on courts and litigants. In our "Declaration of Judicial Emergency," entered on March 22, 2020, we announced that "[s]tatutes of limitations and statutes of repose that would otherwise expire between March 23, 2020, and April 10, 2020, are hereby extended to April 11, 2020." We twice amended that order and ultimately extended the expiration of statutes of limitation falling between March 23, 2020, and May 15, 2020, to May 18, 2020.

Remarkably, Mr. and Ms. Squires argue that the Court's provision of these very extensions is problematic because "the statutes of limitation . . . were in a state of fluctuation and uncertainty" and the "multiple administrative orders [entered] over several months . . . could not have provided . . . certainty regarding when [their] claims . . . would grow stale." They further catalog our "injection of uncertainty into the litigation process by modifying existing statutes of limitation in response to the pandemic" as a factor favoring equitable tolling. Possibly no better illustration of checking the mouth of the proverbial gift horse has found its way before us. Furthermore, we find it impossible to credit the argument that uncertainty is the natural result of an order setting forth concrete and specific dates.

Mr. and Ms. Squires urge us to apply equitable tolling principles—including an exception for excusable neglect—to "prevent injustice." We have cautioned that this Court "is unwilling to extend the applicable statutory period in order to cure filing defects that could have been avoided had the plaintiff's attorney been more conscientious in adhering to the statutory deadline." *Perdue v. Hess*, 199 W. Va. 299, 303, 484 S.E.2d 182, 186 (1997). For that reason, we have held that

> [a]n attorney's failure to file a personal injury cause of action within the two-year statute of limitations imposed by W. Va. Code § 55-2-12 . . . , regardless of whether such failure constitutes excusable neglect, does not toll the statutory filing period where such failure does not correspond with a statutory exception to the applicable statute of limitations.

*Perdue*, 199 W. Va. at 299, 484 S.E.2d at 182, Syl. Pt. 4. Mr. and Ms. Squires have identified no statutory exception. We, accordingly, find no error in the circuit court's order dismissing the complaint.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton